20393. COOPER *v.* STEPHENS.

DUCKWORTH, Chief Justice. When any person in whom, for any cause, the applicant is interested, is kept illegally from the

custody of the applicant, said applicant may sue out a writ of habeas corpus to inquire into the legality of such restraint. Code § 50-101. Where, as here, the father of a minor child applied for a writ of habeas corpus against the mother, setting forth therein the divorce decree between them, whereby the custody of the child was awarded to the mother with the applicant given the right of visitation at all reasonable times and places, "to have custody and control for periods of visitation," and setting forth further that the final order stated that, should the parties be unable to agree between themselves as to reasonableness of such visitation, upon application of either party, the court would fix and determine a specific time for such visits, the application for the writ setting forth further that the mother absolutely refuses to allow such visitations, such application alleges a cause of action for inquiry into the legality of such restraint, and the court erred in dismissing the petition on the ground that it alleges insufficient facts for modifying the decree, since no change of circumstances affecting the interest and welfare of the child is shown. Under the decree the father was entitled to custody during reasonable visitation periods, and the petition alleges that the child is being illegally withheld from him. There is nothing indicated in *Perry* v. *Perry*, 212 *Ga.* 668 (95 S. E. 2d 2), and similar cases where the State as parens patriae opens the doors of its habeas corpus courts for a redetermination of the question of custody of children, where there is an alleged change of circumstances affecting the interest and welfare of children, which controls this case. And, since both parties have left the jurisdiction of the court rendering the decree, the application was properly brought in the county of the residence of the defendant, where the child was being illegally detained from the father. *Duncan* v. *Thomas*, 208 *Ga.* 740 (69 S. E. 2d 196); *Anthony* v. *Anthony*, 212 *Ga.* 356 (92 S. E. 2d 857).

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*Frank M. Gleason,* for plaintiff in error.