21054. SMITH, formerly SCOTT v. SCOTT.

CANDLER, Justice. The parties to this litigation were formerly husband and wife. They were divorced in Cobb County on February 10, 1958, and custody of their minor child, Cynthia Scott, was awarded to the mother "with reasonable visitation in defendant" (the father), and he was required to pay the mother $12 per week for the support of such child. So far as need be stated, the petition for the writ of habeas corpus, which the father brought against the mother, alleges that she now resides in DeKalb County and has married again; that she has possession and custody of the child; that he paid to her weekly the instalments fixed for the support of their child so long as he knew where she was, and has, since her location became unknown to him, paid the amount due each week into the registry of Cobb Superior Court by direction of the judge of that court, which amount she has refused to take down; and that the mother has, since the divorce and custody decree was rendered in 1958, failed and refused to allow him to exercise his right of reasonable visitation as provided by such final decree. The petition prays that the writ of habeas corpus issue directed to the mother, requiring her to produce said child on a date and at a place to be fixed by the court, and that the father be awarded permanent custody of said child,

but, if the court does not see fit to award him such exclusive and permanent custody, that he be awarded custody for a definite period of not less than three months in each year. The petition was demurred to generally on the ground that its allegations were insufficient to state a cause of action for the relief sought and on several special grounds. The general demurrer was overruled and the special grounds have not been passed on. On the hearing and after both parties had introduced their evidence, the court granted the plaintiff visitation rights and specified certain periods of time during each year when he was to have the child at his residence or such other proper place as he might provide, the cost of all visits to be borne wholly by the plaintiff. The respondent excepted to the ruling on her general demurrer and to the final judgment. *Held:*

1. When any person in whom, for any cause, the applicant is interested is kept illegally from the custody of the applicant, said applicant may sue out a writ of habeas corpus to inquire into the legality of such restraint. *Code* § 50-101. The allegations of the petition in this case are in all material respects like those which this court considered in *Cooper v. Stephens*, 214 Ga. 825 (108 S. E. 2d 274), where it was unanimously held that the trial judge erred in dismissing the petition for habeas corpus on the ground that it alleged insufficient facts for modifying the decree, since no change of circumstances affecting the interest and welfare of the child was shown. There, as here, the petition alleged that the father was in the final decree given visitation rights, and that the child was being illegally withheld from him since the mother absolutely refused to allow such visitations. Since the *Cooper* case, supra, is controlling authority, we hold in the instant case that the court did not err in overruling the defendant mother's general demurrer to the father's petition for the writ of habeas corpus.

2. The evidence which the parties introduced on the hearing was both voluminous and conflicting; however, the trial judge was authorized to find from it that the plaintiff father had been denied reasonable visitation rights as provided for in the custody order granted by the Judge of Cobb County Superior Court. This being true, it cannot be held that the trial judge in this proceeding abused his discretion in rendering the visitation judgment complained of.

*Judgments affirmed. All the Justices concur.*

508

Argued October 11, 1960—Decided November 10, 1960—
Rehearing denied November 22, 1960.

*Cook, Llop & Long, Bobby Lee Cook, Joseph L. Llop,* for plaintiff in error.