24045. NEESE v. NANCE (formerly Neese).

Submitted April 12, 1967—Decided April 20, 1967.

*L. S. Cobb,* for appellant.

*William P. Holley,* for appellee.

Grice, Justice. The father complains of judgments overruling his general demurrer to a contempt citation and adjudging him in contempt for refusal to permit the mother to visit their minor child. These judgments were entered in the Superior Court of Cobb County and grew out of a petition for contempt filed by Phyllis N. Nance (formerly Neese) against Jackson B. Neese.

The allegations of the petition, insofar as essential here, are those which follow.

The parties entered into an agreement while an action for divorce was pending between them. It provided, among other matters, that the father was to have custody of their minor child, subject to certain visitation rights of the mother and the maternal grandparents. This agreement was approved by the court on October 17, 1963, and was expressly made the judg-

ment and decree in such action, with the recital that ". . . it is hereby considered, ordered and adjudged that each of the parties to said agreement comply with all the terms and conditions." The judgment and decree further provided that custody was awarded in accordance with such agreement, and recited that "It is considered, ordered and adjudged that both of the parties comply with" such agreement. For approximately a year and a half the father has failed and refused to allow the mother her visitation rights, by wilfully, knowingly and deliberately disregarding and failing and refusing to obey the provisions of the final decree as to visitation, despite repeated demands by the mother.

Upon this appeal the father urges that the final judgment and decree, quoted above in material part, merely declared the rights of the parties without any express command or prohibition, and therefore cannot be the basis for a contempt proceeding. For this reason, he contends, the trial court erred in overruling his general demurrers to the petition for contempt and also in adjudging him in contempt.

We cannot agree with this contention. The judgment and decree here does not have that infirmity. It expressly *orders* that each party comply with all the terms and conditions of the agreement, which include those as to visitation.

*Judgments affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*