**25668. HOLDER v. HOLDER, now Powell.**

ARGUED MARCH 11, 1970—DECIDED APRIL 9, 1970.

*Charles D. Wheeler,* for appellant.

GRICE, Justice. The controlling issue on this appeal is whether an agreement between a former husband and wife is in restraint of marriage and therefore void as against public policy.

Hiram S. Holder, the former husband, filed an application for attachment for contempt in the Superior Court of DeKalb County against the former wife, Cynthia Curtis Holder Powell, alleging that an agreement between them was made a part of their final decree of divorce and that the decree ordered them "to abide by the terms" of the agreement. He further alleged that one of the provisions of such agreement was that the wife should have the custody of their two minor children but that in the event she should remarry or leave the State of Georgia, then he should have such custody; that the former wife has remarried; that he has made demand upon her to comply with the divorce decree and give over custody of the children to him but she fails and refuses to do so; and that such failure and refusal constitutes a deliberate and intentional violation of such decree and a contempt of the court.

The former wife answered, admitting the agreement and decree, her remarriage, his demand for custody and her refusal, and denying that her refusal to surrender custody was a violation of the decree or constituted contempt. She alleged that the agreement is illegal in that it is in restraint of marriage, and that there has been no material change of condition since the date of the final decree which would affect the health, education or welfare of the children to their detriment.

After a hearing, the trial court denied the application, stating that the former wife's failure to comply with the decree was not a ground for contempt, as the law provides that the only way the court can change custody of minor children after a final judgment and decree fixing it is by the showing of a material change of circumstances substantially affecting the welfare and best interests of the children.

In our view, the former husband's appeal from this judgment is meritorious.

1. The agreement for custody of the children to change to the father upon remarriage of the mother is not void as being in restraint of marriage. What was said by this court in *Logan v. Hammond*, 155 Ga. 514 (2) (117 SE 428), is applicable here: "Though contracts in restraint of marriage are void, the intention to impose a penalty for remarriage must be manifest and exclusive. The creation of a fee defeasible by marriage is not necessarily in restraint of marriage, because the beneficiary is submitted to an election between the acceptance of the gift and remarriage, should she prefer to remarry." That opinion pointed out that by express provision of the Code (present *Code* § 85-712), limitations over upon the remarriage of the widow are valid "unless they are *manifestly intended* to operate as a restraint upon her free action in respect to marriage," and that this "makes it incumbent upon him who in any case contends that the provisions of a will are in restraint of marriage to show that it was the manifest intention of the testator." P. 519. This rule applies to contracts as well as to provisions of a will.

We do not know what reasons the parties had for entering into the agreement here. Apparently this was not inquired into upon the hearing. There is no transcript of evidence with

the record. It is likely that there was a valid basis for the arrangement agreed upon. In any case, it does not appear that it was the "manifest intention" of the parties that the agreement operate as a restraint upon the wife's remarriage. Rather, she had the election whether to remarry or to retain custody of the children. She elected to remarry, and thereupon her right to custody under the agreement and decree ceased. See *Tanner v. Tanner*, 221 Ga. 406 (144 SE2d 740); *Hunnicutt v. Sandison*, 223 Ga. 301, 303 (154 SE2d 587).

2. Since the judgment in the divorce action ordered compliance with the provisions of the agreement of the parties, it was a proper basis for contempt proceedings for refusal of the former wife to surrender custody of the children to the former husband. *Neese v. Nance*, 223 Ga. 315 (154 SE2d 442) (one Justice dissenting).

3. The issue of change of circumstances is not involved here. Appellant sought by his application for attachment for contempt to enforce the prior judgment fixing custody, not to modify that judgment upon the ground of a change of circumstances or any other ground.

For the reasons stated, the judgment is

*Reversed. All the Justices concur.*