## 25870. PEACE v. PEACE.

ALMAND, Chief Justice. This appeal is from an order refusing to modify an award of permanent alimony.

The pleadings and evidence before the trial judge show the following: On June 16, 1969, in the petition of Miriam Peace against her husband, Dr. Robert J. Peace, a divorce was granted and Mrs. Peace awarded as permanent alimony the sum of $750 per month as child support and $350 per month for permanent alimony. On January 15, 1970, Dr. Peace filed his petition seeking to modify the award of permanent

alimony on the ground that since the grant of the final decree there has been a material change in his income and financial status, "in that his financial status has deteriorated and he now has substantially less income and is unable to comply with the terms of said prior final judgment." Mrs. Peace in her response denied the material allegations and prayed that, if there be any modification of the award, it should be increased, (this prayer was subsequently withdrawn) and for attorney's fees.

Dr. Peace testified that his income for 1969 was essentially the same as his income for the preceding three years. This income was derived from his operation of an office and laboratory in his practice as a pathologist. He alleged that for the first eleven months of 1969 his gross profit was $92,347.31. He further alleged that on January 6, 1970, the United States Internal Revenue Service seized all the equipment of his laboratory and accounts receivable to satisfy an income tax liability (which was in existence at the time the final decree was entered).

On January 19, 1970, Dr. Peace entered into a contract with Halco Management, Inc., whereby Halco employed Dr. Peace as a consulting medical pathologist for a period of three years. The contract provided for compensation as follows: "In return for his services, Dr. Peace shall be paid a percentage of the gross receipts actually collected by Halco billed for the services performed by Dr. Peace or those personnel acting under his supervision and direction. This percentage shall be fifteen percent (15%). Provided, however, that regardless of the amount of any such collections by Halco, the amounts paid to Dr. Peace shall not be less than twenty thousand dollars ($20,000) per year, nor more than thirty thousand dollars ($30,000) per year." The fifteen percent (15%) of the gross revenue was based on a projected gross receipts of approximately $200,000.

We agree with the trial judge that the petition for modification filed on January 15, 1970, was brought too soon, and before it could be reasonably ascertained what Dr. Peace's income would be for 1970. Under his contract, signed January 19, 1970, for the year of 1970 he has a guarantee of not less than $20,000 and a possibility of $30,000. Though there may be a decrease in his net income for the year 1970 (undetermined

as of now) we cannot say that the court erred in not modifying the award.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 9, 1970—DECIDED JULY 9, 1970.

*Zachary, Hunter, Zachary & Bowden, John Calvin Hunter,* for appellant.

*Richard N. Hubert,* for appellee.