26069. GRIFFIN v. GRIFFIN.

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 8, 1970.

*Roy Benton Allen, Jr.,* for appellant.
*W. S. Perry, E. R. Smith, Sr.,* for appellee.

NICHOLS, Justice. █ While there was evidence of the husband's present earnings, there was no evidence of any change in the husband's financial status since the divorce decree which included alimony was rendered. Compare *Peace v. Peace,* 226 Ga. 571 (176 SE2d 51). Thus the trial court was without authority to modify the amount of alimony (child support) required to be paid by the husband. The original divorce decree provided that each parent would be entitled to claim one child as a de-

pendent for income tax purposes while the decree appealed from here granted the wife the exemptions for both children. Assuming but not deciding that the superior court has authority to determine which parent is entitled to such tax exemption, since the exemption has a monetary value to the parent entitled thereto, any change of such entitlement is in reality a modification of the child support which was held above to be unauthorized. Accordingly, this part of the decree was not authorized.

■ Under the decision in *Gallant v. Gallant*, 223 Ga. 397, 400 (156 SE2d 61), the trial court erred in allowing attorney's fees since the wife and not the husband sought the modification of the alimony award.

■ The original decree as well as the instant decree provided that the father would not be entitled to visitation privileges unless the child support payments were current. This part of the decree is enumerated as error. No decision of this court directly in point has been cited by counsel for either party and none has been found.

In *Stewart v. Stewart*, 217 Ga. 509 (123 SE2d 547), in a case wherein the father sought to avoid being held in contempt of court for a refusal to pay child support, Mr. Justice Quillian said for this court that the refusal to pay such child support was not justified because the mother refused to permit him to exercise his visitation rights "where the decree does not make visitation rights of the father a condition precedent to the payment of alimony for the support of the children." Neither this decision nor any case there cited is authority for the validity of a decree making the right of visitation or payment of alimony dependent upon compliance with the other.

Alimony for child support is for the support and benefit of the children, and the mother holds such funds as trustee for the children. See *Thomas v. Holt*, 209 Ga. 133 (2) (70 SE2d 595), and citations.

As to visitation between the child and the parent not having permanent custody, it is well stated in Corpus Juris Secundum: "Since minor children, notwithstanding the divorce, are entitled to the love and companionship of both parents, and the well rounded development of a normal child demands an association

with both parents, the decree, within the discretion of the court, may and, under normal circumstances, should include a provision permitting the parent deprived of their custody to visit or communicate with the children under such restrictions as the circumstances may warrant. A divorced parent has a natural right of access to his child awarded to the other parent, and only under exceptional circumstances should the right or privilege be denied, but the welfare of the child must receive the paramount consideration in the determination of this matter. This privilege must yield to the good of the child, and may be denied to either, or both, parents, where the best interests of the child will be served thereby. Even the guilty party is usually allowed this privilege unless morally unfit to associate with the child." 27B CJS 478, Divorce, § 312.

While other states are divided upon the question of visitation privileges being dependent upon payment of child support (see cases cited in 27B CJS 481, notes 4.10 and 5), the better rule appears to be that visitation should not be made dependent upon payment of child support. The wilful failure to pay child support is punishable by contempt or by fi. fa. (see *Code* §§ 30-204, 30-208), and the refusal to comply with an order requiring compliance with visitation privileges in custody decrees is punishable by contempt (see *Neese v. Nance*, 223 Ga. 315 (154 SE2d 442)), thus it is unnecessary to include in the decree conditions which make visitation contingent upon payment of support or which make payment of support contingent upon allowance of visitation privileges, and any attempt to do so would have the effect of permitting a parent to bargain with the rights of the child. This part of the decree was error.

■ On the trial of the case it was stipulated: "the defendant's intended move to Florida was a circumstance that arose subsequent to the February 5, 1969, order of the court and that transporting the children of the parties back and forth between Cook County, Georgia and Fort Myers, Florida, in order to comply with terms of the order of February 5, 1969, would adversely affect the welfare and best interest of the said children; and that the order of February 5, 1969, should be modified and changed to prevent this adverse interest from occurring." In view of this

stipulation, it cannot be said that the trial court erred in modifying the custody decree so as to prevent the children from being transported weekly between Fort Myers, Florida, and Adel, Georgia, during the summer months. No error is shown by this, the sole remaining enumeration of error.

*Judgment affirmed in part; reversed in part. All the Justices concur.*