## 27408. DEAN v. DEAN.

ARGUED SEPTEMBER 13, 1972—DECIDED OCTOBER 10, 1972.

*Houston White,* for appellant.

*Travis & Furlong, Thomas A. Travis, Jr., Wall, Parker & Campbell, Alford Wall, Ross & Finch, Claude R. Ross,* for appellee.

GRICE, Presiding Justice. This appeal is from the denial of a defendant's motion to dismiss a petition seeking habeas corpus relief involving custody of a minor child and also the denial of her motions to strike a specified portion of the petition. Two enumerations of error are urged.

The petition, filed in the Superior Court of Fulton County by the father James C. Dean against the mother Voncile Dean, alleged in substance that the child is being illegally detained by his mother at a specified location in Fulton County in violation by the mother of a divorce decree of the superior court of that county.

Paragraph 5 of the petition alleged essentially that the detention is illegal in that the mother has violated the decree by intentionally refusing visitation rights to the father as provided for and ordered therein; and that this violation is a change in condition which has materially and adversely affected the welfare of the child subsequent to the award of custody to the mother.

Paragraph 6 of the answer averred substantially that the denial of any visitation rights by the mother is in direct violation of the decree and has denied the child his proper and necessary parental guidance to which he is entitled from his father.

The prayers were that the court issue the writ of habeas corpus; that it inquire into the denial of parental visitation rights; that the father be awarded permanent custody of the child or in the alternative that the court set down certain and definite times that the father may have custody.

The mother filed an answer which denied the foregoing allegations of the petition.

A certificate for immediate review was granted so as to permit the appeal.

■ We deal first with the denial of the defendant mother's motion to dismiss the petition, upon the ground that it fails to state a claim upon which relief can be granted.

The enumeration as to this recites in substance as follows: that the allegations of the petition disclose with certainty that the plaintiff would not be entitled to any relief prayed for under any state of facts which could be proved in support of the claim in (a) that the plaintiff failed to allege a change of condition with respect to the child; in (b) that with respect to change in condition the plaintiff failed to allege the facts at the time of the divorce decree, which are necessary to be alleged to show a change of condition from that existing at that time as compared with the date of the filing of this petition; and in (c) that the plaintiff, alleging solely the intentional refusal of visitation rights, is attempting merely to plead contempt of court, but has omitted a prayer therefor, hence the petition should be dismissed because no relief of contempt could have been granted.

This enumeration, in our appraisal, is not valid for any of the reasons recited above.

The petition is not subject to dismissal insofar as failing to allege a change in condition is concerned.

It should be kept in mind that here we are concerned with the sufficiency of the allegation of the habeas corpus petition, not the sufficiency of the evidence upon the trial. In this situation it is well settled that the motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim; and if within the framework of the complaint evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89);

*Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695).

Considered in the light of notice pleading, the instant petition sufficiently apprises the defendant that the plaintiff is asserting against her a claim of illegal detention of the child because of her refusal of visitation rights in violation of a court decree, which is a change in the child's condition that has materially and adversely affected the welfare subsequent to the decree. Further notice is given that this situation has denied the child his parental guidance that he is entitled to have from his father, the plaintiff here.

At this stage the plaintiff should not be shut off from the opportunity of introducing competent and relevant evidence in support of the claim upon the trial. This is vastly different from holding that *evidence* as to denial of visitation rights alone is not sufficient to show change in condition. See *DeLong v. DeLong,* 226 Ga. 147 (173 SE2d 213) and similar cases.

This ruling controls adversely to the defendant mother as to (b) and (c) above.

■ The other enumeration essentially is that the trial court erred in not sustaining the motions under *Code Ann.* § 81A-112 (e) and (f) because the plaintiff should have alleged the dates and circumstances surrounding the alleged intentional visitation refusals with sufficient clarity to put the defendant on notice thereof. This contention is not meritorious.

In order to grant a motion for a more definite statement pursuant to *Code Ann.* § 81A-112 (e) the pleading must be so vague or ambiguous that the opposite party cannot reasonably be required to frame a proper responsive pleading. We do not regard paragraph 5 of the petition here to be in that category. The defendant, by this motion, improperly sought to employ a substitute for discovery, contrary to the intent and purpose of the Civil Practice Act. See *Padgett v. Bryant,* 121 Ga. App. 807 (175 SE2d 884).

The motion to strike paragraph 5 pursuant to *Code Ann.* § 81A-112 (f) cannot be maintained. It does not contain

redundant, immaterial, impertinent or scandalous matter. This motion was also properly denied.

We find no error in the rulings complained of.

*Judgment affirmed. All the Justices concur, except Undercofler and Hawes, JJ., who concur specially.*

UNDERCOFLER, Justice, concurring specially. The complete denial of "reasonable visitation rights" granted in a divorce decree is a change of conditions which authorizes a redetermination of visitation rights. *Cooper v. Stephens,* 214 Ga. 825, 826 (108 SE2d 274); *Smith v. Scott,* 216 Ga. 506 (1) (117 SE2d 528). It is not a change of conditions which authorizes a change of permanent custody. Compare *Smith v. Smith,* 225 Ga. 241, 243 (167 SE2d 597).

I am authorized to state that Justice Hawes joins in this special concurrence.