## 28853. DAVIS v. COGGINS.

UNDERCOFLER, Justice.

John Robert Davis, Jr., filed an application in the nature of a writ of habeas corpus against his former wife Shiela Davis Coggins, alleging that she was illegally restraining his son Mark Allen Davis.

The evidence showed that the child was born in 1968, that the parties were divorced in February, 1972, and that custody of the child was given to the mother with reasonable visitation rights in the father. The evidence on the question of the father's attempts to see his child was in conflict — the father testifying that he had visited his child several times and the mother testifying that he had only visited the child twice from February, 1972, until August, 1973, when she denied him visitation privileges. She testified that she denied the father visitation privileges because the child was becoming emotionally injured due to the long periods between the visits of his father. The mother also testified that she had remarried and that she and her present husband maintain a happy home for the child.

The trial judge denied the writ and dismissed the

petition. He made no other rulings in the case. The appeal is from this judgment. *Held:*

1. The complete denial of the reasonable visitation rights of the father fixed by the divorce decree authorizes but does not demand that the trial court redetermine the visitation rights of the father and fix specific visitation periods. *Cooper v. Stephens,* 214 Ga. 825 (108 SE2d 274); *Smith v. Scott,* 216 Ga. 506 (1) (117 SE2d 528); *Barnes v. Tant,* 217 Ga. 67 (121 SE2d 125). Where the parties are unable to agree upon "reasonable visitation rights," this may be tantamount to a complete denial of visitation rights.

"In the trial of such a case between the parents of a child, the question as to whom the child shall be awarded to is entrusted to the sound legal discretion of the trial judge, who sees and hears the parties, the witnesses, and the child, and who necessarily has superior opportunity for determining correctly the issues involved, chief of which is the best interest and welfare of the child, and it must be a flagrant abuse of that discretion which will authorize a reviewing court to interfere. *Lindsey v. Lindsey,* 14 Ga. 657 (2); *Wethersby v. Jordan,* 124 Ga. 68 (2) (52 SE 83); *Good v. Good,* 205 Ga. 112 (52 SE2d 610)." *Porter v. Chester,* 208 Ga. 309 (4) (66 SE2d 729).

The trial court in this case determined that the best interest of the child would be served by denying the writ in the nature of a habeas corpus and a reviewing court will not interfere with such a decision of the trial court unless the record shows a flagrant abuse of discretion. The record in this case does not show such an abuse.

2. The other enumerations of error relied on by the appellant were not decided by the trial court and, therefore, cannot be reviewed by this court.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1974 —DECIDED JULY 9, 1974.

*William R. L. Latson,* for appellant.
*Martin, Skinner, Adkins & Horton, William L. Skinner, Jr.,* for appellee.