## 28545. HOWELL v. HOWELL.

Gunter, Justice.

In this case the parties had been previously divorced and the divorce judgment had provided that custody of the children would be in appellant and that the appellee should have "reasonable visitation rights." Several months after the entry of the judgment awarding custody, appellee brought this action below contending that the parties were unable to agree on what "reasonable visitation rights" were. The action brought below was entitled "Motion to Modify or Define Order of Court." The appellant was duly served, filed responsive pleadings, a hearing was conducted by the trial judge, the trial judge overruled the appellant's motion to dismiss the action, and the trial judge entered a judgment specifying certain stated days and hours that the children were to visit with and be in the care of the appellee.

The appellant has come here and has enumerated one error in this court: "The trial court erred in denying appellant's motion to dismiss appellee's motion to modify

or define order of the court."

The appellant's contention here is that the custody judgment was final, that it merely awarded "reasonable visitation rights" to the appellee, and that such final judgment could not be modified, interpreted, or defined by the court. The appellant further asserted that since the judgment had become final, appellee was relegated to bringing an action based upon a change of condition since the rendition of the judgment. Appellant also contended that the appellee's action failed to state a claim, and it was error for the trial judge to overrule the motion made by appellant to dismiss the action filed by appellee.

We disagree with appellant's contentions. The appellee was asserting a change of condition since the final judgment. The final judgment awarded appellee "reasonable visitation rights" with the minor children. Appellee's contention was that "reasonable visitation rights" pursuant to the final judgment were not being accorded to her. The action below, though denominated a "Motion to Modify or Define Order of Court," was actually an action asserting a denial of reasonable visitation rights. Such an action authorizes but does not demand that the trial court redetermine visitation rights and fix specific visitation periods. See *Davis v. Coggins,* 232 Ga. 508. Her contention was that the rights awarded to her pursuant to the final judgment were being denied, and such denial amounted to a change of conditions affecting the welfare of the children.

It is clear that if such denial did affect the welfare of the children, the trial judge was authorized to redetermine visitation rights.

The trial judge conducted a hearing, he overruled the appellant's motion to dismiss for failure to state a claim, and he entered a judgment specifying what "reasonable visitation rights" were in terms of specific hours and days. We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 2, 1974 — DECIDED JULY 16, 1974.

*C. Ronald Patton,* for appellant.
*Rogers, Magruder & Hoyt, C. King Askew,* for appellee.