## 31386. EDWARDS v. EDWARDS.

HILL, Justice.

Margaret Ann Edwards appeals from an order of the Lowndes Superior Court awarding the father permanent custody of their child following their divorce.

1. She contends that the trial court erred in awarding custody of their eleven-year-old daughter to the father. At the custody hearing, the trial court had ample evidence before it from which to determine the proper placement of custody. We find no abuse of discretion.

2. The custody award also ruled that the mother "shall have the right to visit with the child and have the child visit with her, at reasonable and convenient times and places." The mother argues that this order, in effect, deprives her of visitation rights under the facts of this case because the father lives in Lowndes County and she lives in Cobb County, a distance of over 200 miles, and the relationship between the parties has been such that he can be expected not to allow her "reasonable" visitation privileges. As was stated in *Davis v. Coggins,* 232 Ga. 508, 509 (207 SE2d 490) (1974): "Where the parties are unable to agree upon 'reasonable visitation rights,' this may be tantamount to a complete denial of visitation rights."

The mother cites *Smith v. Smith,* 225 Ga. 241 (167 SE2d 597) (1969), and argues that unless she enumerates error in this appeal on the reasonable visitation provision, she will be required to show a change of condition affecting the child before she can obtain a modification of the original award to provide for specific visitation rights.

It should be noted that in recent cases coming before this court on petition to modify, where the trial judge has changed "reasonable" visitation to specific visitation, this court has agreed with the trial judge's finding of some change of condition affecting the child authorizing the change from "reasonable" to specific. See *Howell v.*

*Howell,* 232 Ga. 537 (207 SE2d 492) (1974); *Williamson v. Brazell,* 236 Ga. 798 (225 SE2d 304) (1976); *Homans v. Street,* 237 Ga. 649 (1976).

Moreover, Ga. L. 1976, p. 1050, added the following to three Code sections (§§ 30-127, 50-121, 74-107): "In any case in which a judgment has been entered awarding the custody of a minor, on the motion of any party or on the motion of the court that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration, but not more often than once in each two-year period following the date of the entry of such judgment, without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor. The provisions of this section shall not limit or restrict the power of the court to enter a judgment relating to the custody of a minor in any new proceeding based upon a showing of a change in any material conditions or circumstances of a party or the minor." We read this amendment to have the effect of overruling the holding in *Smith v. Smith,* supra. In addition, we read this amendment as allowing a trial judge, who has made an award of permanent custody with "reasonable" visitation privileges, to provide specific visitation privileges once in the two-year period following the date of entry of such judgment. See *Welch v. Welch,* 213 Ga. 589 (1) (100 SE2d 431) (1957).

However, neither the 1976 amendment nor the *Howell, Williamson* and *Homans* cases, supra, completely disposes of the issue before us, which is: Was it error under the facts of this case for the trial judge to provide for "reasonable," as opposed to specific, visitation? No case enumerating error upon the original entry of a "reasonable" visitation provision had been found. No provision of our Code requires that visitation provisions be specific. Yet we are unable to agree with the father's contention that citation for contempt provides the mother with an adequate remedy to enforce a "reasonable" visitation provision.

We should keep in mind the circumstances from which this question arises. The parties have had a heated custody dispute in court. Both hoped to be awarded

custody and did not want to suggest what visitation privileges would be appropriate in the event custody were to be awarded the other party. At the conclusion of the trial, the parties asked for time to submit briefs. The trial judge had to decide the disputed custody issue. Having decided the principal issue and no one having argued visitation provisions, he provided that the mother shall have "reasonable" visitation privileges.

A "reasonable" visitation provision should be suitable in many divorces, but not in all. In those situations in which it is suitable, it will provide flexibility for the parties. Therefore a trial judge should not be required to make specific visitation provisions in cases where a "reasonable" visitation provision will suffice.

However, in the case before us the mother does not urge that "reasonable" visitation provisions are error as a matter of law. She urges that the provision was error under the circumstances of this case.

The burden is on the appellant to show error. Trial judges are vested with discretion in determining child custody and visitation. The trial judge in this case provided that the mother "shall have the right to visit with the child and have the child visit with her, at reasonable and convenient times and places." The appellant has not demonstrated that the court abused its discretion as to visitation.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 20, 1976.

*Sparrow & Walhausen,* for appellant.
*Robert L. Cork,* for appellee.