### 31613. KLINEFELTER v. THOMAS.

JORDAN, Justice.

Appellant mother brought a habeas corpus proceeding in the Superior Court of Harris County

seeking custody of two minor children, which custody was allegedly granted to her in a divorce decree rendered in the State of Alabama. The trial court found as a fact that "it would be for the welfare of the children to award the custody to the father," and so ordered.

Appellant, in her appeal, alleges that the court below erred "in granting full faith and credit" to a purported modification of the original divorce decree, which gave custody to the appellee. There is nothing in the order which indicates that the lower court gave any such status to the purported modification. On the contrary, the order was clearly rendered on the consideration of the "best interests of the child." See Davis v. Coggins, 232 Ga. 508, 509 (207 SE2d 490) (1974).

At the time of the divorce proceeding brought by appellee in Alabama, both appellant *and the children* were residing in California. Service of process on appellant was by registered mail. Upon the failure of appellant to respond by answer or demurrer, a divorce was granted to appellee. The divorce decree also purported to award custody of the children to appellant.

The lower court was clearly correct in applying the "best interests of the child" test because, as the appellant points out in her brief, the Alabama "court was without jurisdiction to determine any question of custody of the children in the original divorce action." See *Boggus v. Boggus,* 236 Ga. 126, 130 (223 SE2d 103) (1976); *Keppel v. Keppel,* 92 Ga. 506 (17 SE 976) (1893). Therefore, assuming the correctness of appellant's argument that the purported "modification" later obtained by the appellee was ineffectual, then the lower court was not required to find any material change in circumstances and was free to decide the custody question based upon the best interests of the child. This record shows no abuse of discretion by the trial judge, and we therefore affirm the judgment. *Davis v. Coggins,* 232 Ga. 508, supra.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

Submitted October 8, 1976 — Decided December 1, 1976.

*H. J. Thomas, Jr.,* for appellant.
*Roy D. Moultrie,* for appellee.