## 31631. HARFORD v. HARFORD.

GUNTER, Justice.

This appeal is from a judgment that dismissed a citation for contempt that had sought to enforce visitation rights of the father. The reason stated in the judgment for the dismissal of the citation for contempt was that the paragraph of the separation agreement relating to custody and visitation rights was "too vague and indefinite to be enforced regardless of what the evidence may show."

The separation agreement had been made a part of the final decree of divorce court, and the final decree, after incorporating the agreement, said: "Both parties are

ordered and directed to abide by the terms of this agreement." The decree was entered June 22, 1972.

In 1976, the father brought his citation for contempt in the same court against the mother, and the citation alleged that she had "flagrantly violated said order of the court and that she has refused plaintiff above named reasonable visitation privileges"; and that such action on her part "shows a wilful breach of the lawful order of this court."

The 1972 decree, by incorporation of the separation agreement, provided: "James J. Harford and Arlene Mary Ann Harford do hereby mutually agree that Arlene Mary Ann Harford shall have permanent custody of said children. James J. Harford shall have reasonable visitation privileges with said children at mutually convenient times to the parties to this agreement provided he makes arrangements for same on reasonable notice. Said visitation privileges shall include, but not necessarily be restricted by the specific provisions as follows:

"(a) James J. Harford shall have the privilege of visiting said children one day each week. (b) James J. Harford shall have the privilege of taking each of the said children to visit with him at his home or other suitable location for one weekend each month. (c) James J. Harford shall have the privilege of taking James Harford, age 10, and Joseph Harford, age 8, to visit with him at his home or other suitable location, each for a period of three weeks during said child's summer vacation from school. (d) As to the two younger children, Jennifer Harford, age 4, and John Harford, age 2, reach school age, James J. Harford shall have the privilege of having them to visit with him at his home or other suitable location, each for a period of three weeks, as provided for the other children under Subparagraph (c) above."

We thus have a situation in this case where the trial court had approved visitation privileges and had ordered the parties to comply with them, but now the trial court says that the visitation privileges that had been formerly approved by the court are too vague and indefinite to be enforced. This, it seems to us, is an anomaly—it is certainly inconsistent with what would normally be

expected.

In *Davis v. Coggins,* 232 Ga. 508 (207 SE2d 490) (1974), an action in the nature of habeas corpus and not a contempt case, this court said: "Where the parties are unable to agree upon 'reasonable visitation rights,' this may be tantamount to a complete denial of visitation rights." P. 509.

We think the same principle is applicable in a contempt case. If visitation rights, incorporated in a final decree awarding custody and visitation rights, are not enforceable by citation for contempt, such visitation rights should not be initially approved by a trial judge and incorporated into a final decree.

In this case the trial judge should have heard evidence on the citation for contempt to determine whether there had been a denial of reasonable visitation rights as set forth in the original decree. We therefore vacate the judgment of dismissal and remand the case for further proceedings consistent with what is said herein.

*Judgment vacated and remanded. All the Justices concur, except Ingram and Hall, JJ., who concur in the judgment only, and Hill, J., who concurs specially.*

ARGUED OCTOBER 12, 1976 — DECIDED FEBRUARY 14, 1977.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Alan F. Rothschild,* for appellant.

HILL, Justice, concurring specially.

I concur in the judgment of the court. See *Edwards v. Edwards,* 237 Ga. 779 (2) (229 SE2d 632) (1976), particularly the discussion of Ga. L. 1976, p. 1050.