## 33636. SHOOK v. SHOOK.

BOWLES, Justice.

Appellant filed an action for contempt and to amend a divorce decree. Count 1 of the complaint sought to hold the appellee in contempt for her wilful failure to abide by the final judgment and decree of divorce by preventing appellant reasonable visitation with the parties' two minor children. Count 2 sought to amend the final judgment and decree pursuant to Code Ann. § 30-127 so as to specify dates, times and places appellant would be allowed to visit the children. Count 3, seeking a change in custody, was voluntarily dismissed by appellant before this appeal was filed.

A hearing was held, at which time evidence was produced to show that the parties were divorced by final judgment and decree on August 30, 1976. Custody of the parties' minor children was placed in the appellee-mother, with "reasonable" visitation privileges granted to the appellant-father. The evidence further showed that appellant had been refused any visitation with

his children for the two years prior to the filing of the contempt action, although he had on numerous occasions made request for such visitation. Appellee testified that the reason visitation was not allowed was because the children were frightened of their father and refused to see him.

After hearing evidence on appellant's petition, the trial court denied Count 1 seeking to hold appellee in contempt, and denied Count 2 seeking to specify dates, times and places appellant should be allowed to visit his children. On appeal, appellant complains the trial judge abused his discretion in denying the requested relief.

1. The basis for a contempt action is a "wilful" refusal to comply with a court order. *Griggers v. Bryant,* 239 Ga. 244 (1) (236 SE2d 599) (1977). In reading the transcript of this case, it is unclear whether or not appellee wilfully refused to allow appellant his visitation privileges under the final decree. "Where there is a conflict in the evidence regarding the wilful violation of custody, the discretion of the trial court will not be disturbed." *Griggers v. Bryant,* supra, and cits.

2. Visitation rights approved by the trial judge and incorporated into a final decree of divorce awarding custody are enforceable by citation for contempt. *Harford v. Harford,* 238 Ga. 351 (233 SE2d 183) (1977). The evidence presented at the hearing of this case showed that the parties had been unable to agree upon what reasonable visitation rights appellant was to have. This had, in effect, deprived the appellant of any access to his children. *Davis v. Coggins,* 232 Ga. 508 (207 SE2d 490) (1974).

"A divorced parent has a natural right of access to his child awarded to the other parent, and only under exceptional circumstances should the right or privilege be denied." *Griffin v. Griffin,* 226 Ga. 781, 784 (177 SE2d 696) (1970). Appellant was not shown to be an unfit parent in either the original divorce proceeding or the present action. Therefore, we find that the trial judge abused his discretion in refusing to specify times, places and circumstances for visitation where the parties had been unable to agree between themselves. The desires of children under 14 years of age in not wanting to visit their

father is not sufficient to deny appellant his rights of visitation. *Green v. Dawson,* 210 Ga. 128 (78 SE2d 17) (1953). They may, however, be taken into consideration by the trial judge in deciding appropriate circumstances under which appellant may visit the children.

We remand the case on Count 2 for further proceedings consistent with what is said herein.

*Judgment affirmed in part, and reversed and remanded in part. All the Justices concur.*

ARGUED JUNE 13, 1978 — DECIDED SEPTEMBER 6, 1978.

*Adams & Clifton, Alton M. Adams,* for appellant. *Dennis T. Cathey,* for appellee.