S91A0632. CHANDLER v. CHANDLER.
(409 SE2d 203)

BENHAM, Justice.

This is an appeal from an order changing child custody from appellant, the mother, to appellee, the father. The change of custody

proceeding, and an associated contempt proceeding, stemmed from appellant's conduct in taking the child out of Georgia without notice to appellee, a violation of the divorce decree, and in withholding visitation based on an assertion that she was protecting the child from sexual abuse by appellee. After the Court of Appeals denied appellant's application for discretionary review, we granted the writ of certiorari in order to consider a provision in the trial court's final order which gave appellant "no rights of visitation with the child except that she may visit with the child at such times and places and on such conditions as are agreed to in writing by the parties."

1. The trial court's order has the effect of denying appellant any right to visitation with her daughter, leaving the visitation completely at the unfettered discretion of appellee. In *Shook v. Shook*, 242 Ga. 55 (2) (247 SE2d 855) (1978), where the divorce decree awarded the noncustodial parent "reasonable" visitation privileges, but the custodial parent refused to permit any visitation, this court found an abuse of discretion in the trial court's failure, upon the non-custodial parent's motion therefor, to specify times, places, and circumstances of visitation.

> "A divorced parent has a natural right of access to [her] child awarded to the other parent, and only under exceptional circumstances should the right or privilege be denied." [Cit.] Appellant was not shown to be an unfit parent in either the original divorce proceeding or the present action. Therefore, we find that the trial judge abused his discretion in refusing to specify times, places and circumstances for visitation. . . . [Id. at 56.]

While it is true that appellant and her counsel contributed to the present problem by declining to make any suggestion to the court regarding appellant's right to visitation, and that the trial court expressed concern that appellant would take the child out of the jurisdiction again, we do not believe that the trial court's solution, effectively denying appellant any right to visit her daughter, was a sound exercise of the trial court's discretion. Less extreme arrangements, including limited and supervised visitation, could be instituted to satisfy the trial court's concerns that appellant might abduct the child if granted visitation. Accordingly, we reverse the visitation portion of the trial court's order and remand for entry of an appropriate award of visitation rights to appellant.

2. Upon consideration of appellant's other enumerations of error, we find no cause for reversal.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 18, 1991.

*Cheeley & Chandler, Joseph E. Cheeley, Joseph E. Cheeley III,* for appellant.
*Chestnut & Livingston, Tom Pye,* for appellee.