### S00A0744. WOODRUFF v. WOODRUFF.
(531 SE2d 714)

CARLEY, Justice.

In the divorce action brought by Elizabeth Woodruff against Kenneth Woodruff, the parties reached a settlement as to all matters except with respect to the custody of their two minor children. That issue was submitted to the trial court. The focus of the bench trial was the alleged molestation of the children by Mr. Woodruff and his father, the paternal grandfather. The children did not testify, but incriminating statements attributed to them were offered by Ms. Woodruff and one other witness. Mr. Woodruff denied any wrongdoing. Although there was evidence that there was an extensive criminal investigation, no criminal charges were ever brought against Mr. Woodruff or his father. The trial court entered an order holding that,

> [b]ecause of the evidence presented at the custody hearing, the Court finds that it would not be in the best interest of the children for the husband, [Mr.] Woodruff, to exercise any visitation with the children or to have any contact with them whatsoever, via telephone, personal or otherwise.

This Court granted Mr. Woodruff's application for a discretionary appeal, in order to determine whether the trial court abused its discretion by prohibiting him from having any type of contact with his minor children. We conclude that, because there was no probative evidence authorizing the imposition of such a drastic prohibition, the denial of *all* visitation rights was erroneous and must be reversed.

1. The express policy of this state is to allow visitation rights to divorced parents who have demonstrated the ability to act in their minor children's best interests. OCGA § 19-9-3 (d). Therefore, only in

exceptional circumstances should the non-custodial parent be denied the right of access to his child. *Shook v. Shook*, 242 Ga. 55, 56 (2) (247 SE2d 855) (1978). Generally, the interest of a child is best served by an award of visitation rights to a parent who is not morally unfit. *Griffin v. Griffin*, 226 Ga. 781, 784 (3) (177 SE2d 696) (1970). Unless the contrary finding is demanded, a trial court's determination of parental fitness is conclusive and will be affirmed on appeal. *Hardy v. Hardee*, 225 Ga. 585 (2) (170 SE2d 417) (1969). In the event that an award of visitation rights is not supported by "reasonable evidence," however, the contrary finding will be demanded and, consequently, the judgment must be reversed. *Strese v. Strese*, 237 Ga. 334 (2) (227 SE2d 749) (1976). Thus, unless there is reasonable probative evidence of Mr. Woodruff's unfitness by reason of his commission of acts of molestation against his children or his acquiescence in the commission of such acts by others, the trial court was not authorized to deny him *all* visitation rights.

In her brief, Ms. Woodruff concedes that the statements attributed to the non-testifying children constitute the "bulk" of the evidence upon which the trial court based its decision and that, if those accusations are inadmissible, the denial of visitation rights to her ex-husband "would as a practical matter be indefensible." Our review of the transcript shows that, in fact, the children's out-of-court statements represent the entirety of the evidence of Mr. Woodruff's alleged unfitness by reason of committing or abetting acts of molestation against the children. Therefore, unless the testimony as to those incriminating statements was admissible pursuant to an applicable hearsay exception, the trial court's order is unsupported by the requisite reasonable evidence.

In urging the admissibility of the testimony, Ms. Woodruff relies upon OCGA § 24-3-16, the Georgia Child Hearsay Statute. Under that enactment, the out-of-court statements would be admissible if the children were "available to testify in the proceedings and the court finds that the circumstances of the statement[s] provide sufficient indicia of reliability." Thus, the admissibility of the incriminating testimony here is dependent upon a two-prong showing by Ms. Woodruff of the child-declarants' availability and of the reliability of the accusations attributed to them.

Insofar as the first prong of this showing is concerned, it has been recognized that,

> "[w]hile the concepts of availability and competency do not overlap entirely, it is quite clear that an incompetent child is not available. The term 'available' denotes a witness who can be confronted and cross-examined. (Cit.) A child unable to take the stand obviously cannot respond to opposing counsel's questions." [Cit.]

*In the Interest of K. T. B.*, 192 Ga. App. 132, 133 (384 SE2d 231) (1989). Thus, "[a] child is considered 'available to testify' under OCGA § 24-3-16 only if he is competent to testify within the meaning of OCGA § 24-9-5." *Shaver v. State*, 199 Ga. App. 428 (1) (405 SE2d 281) (1991). By its terms, former OCGA § 24-9-5 (b) conferred automatic competency upon a child "in all cases involving child molestation. . . ." Ga. L. 1989, pp. 1639, 1640, § 1. Under that previous statute, the child was "available" to testify to being victimized by acts of molestation as long as he or she was "physically available to appear at trial." *Gibby v. State*, 213 Ga. App. 20, 22 (2) (d) (443 SE2d 852) (1994). However, the General Assembly subsequently amended OCGA § 24-9-5 (b) so as to provide, in relevant part, that a child is automatically competent to testify as the victim of acts of molestation only "in criminal cases involving" those acts. Ga. L. 1990, p. 1795, § 1. This divorce action obviously is not a criminal proceeding. Therefore, the Woodruff children were not deemed conclusively competent to testify in this case pursuant to subsection (b) of existing OCGA § 24-9-5. The competency of the children could be established in this civil action only by demonstrating that they understood the nature of an oath, as required by subsection (a) of that statute. See *In the Interest of K. T. B.*, supra. Compare *Jenkins v. State*, 235 Ga. App. 53, 55 (1) (b) (508 SE2d 710) (1998) (criminal case controlled by limited provisions of existing subsection (b)); *Gibby v. State*, supra at 22 (2) (d) (criminal case controlled by broader provisions of former subsection (b)); *Bright v. State*, 197 Ga. App. 784, 785 (4) (400 SE2d 18) (1990) (criminal case controlled by broader provisions of former subsection (b)).

A review of the record shows that Ms. Woodruff, as the proponent of the admissibility of the children's inculpatory statements, completely failed to prove the "availability" of the young declarants. She never called the children to the stand for the limited purpose of demonstrating that they understood the nature of an oath. Indeed, she did not even show that they were physically present at the hearing. Although the record does indicate that Ms. Woodruff expressed no objection to the "children talking to the judge," the requirement of OCGA § 24-3-16 is that the child be "available to testify in the proceedings. . . ." The mere expression of no objection to the children speaking with the trial court is not the equivalent of showing that they were then present at the trial and willing to take the stand and testify in open court. Thus, Ms. Woodruff failed to satisfy the requisite statutory mandate by showing that the children were "available" in the sense that they were in attendance at the hearing and were fully capable of giving competent testimony therein. Since OCGA § 24-3-16 requires a two-prong showing for admissibility, any question regarding the "reliability" of the children's statements becomes

irrelevant. The failure to prove that the children were available renders the testimony regarding their statements inadmissible hearsay which lacks any probative value without regard to whether Mr. Woodruff objected. *Lang v. State*, 201 Ga. App. 836, 838 (1) (412 SE2d 866) (1991).

In awarding visitation rights, a trial court is authorized to impose such restrictions as the circumstances warrant. *Griffin v. Griffin*, supra at 784 (3). In the absence of any *probative* evidence that Mr. Woodruff is morally unfit to exercise his right of access to his children, however, the trial court abused its discretion in depriving him of *all* visitation rights. See *Chandler v. Chandler*, 261 Ga. 598, 599 (1) (409 SE2d 203) (1991). Accordingly, the judgment must be reversed and the case remanded for the entry of a new order which grants Mr. Woodruff visitation rights upon such conditions and limitations as the trial court, in the exercise of its sound discretion, may conclude are appropriate under the circumstances. See *Katz v. Katz*, 264 Ga. 440 (445 SE2d 531) (1994).

2. Remaining enumerations of error are rendered moot by our holding in Division 1.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 12, 2000.

*Shafer, Raymond & Dalton, Philip T. Raymond III, Susan D. Raymond,* for appellant.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry,* for appellee.