A01A0770. IN THE INTEREST OF S. C., a child.
(547 SE2d 611)

BLACKBURN, Chief Judge.

Appellant, the biological father of S. C., appeals the trial court's dispositional order granting temporary custody of his daughter to her aunt, contending that the trial court erred by requiring him to enter a sexual offender treatment program before being allowed supervised visitation. For the reasons set forth below, we affirm.

The record shows that, in an order entered on September 3, 1999, the trial court determined that S. C. was deprived, finding that "there is clear and convincing evidence that [S. C.] is deprived as her

father has touched her in her vaginal area in an improper manner and she has been abandoned by her biological mother." At that time, the trial court granted temporary custody of S. C. to her aunt, but continued the case with regard to the ultimate disposition of S. C. until further evaluations of appellant and the child had been completed. Appellant never appealed the trial court's finding of deprivation.

After psychological studies had been performed on appellant and S. C., the trial court conducted a hearing to determine the child's custody, and, on February 28, 2000, the trial court entered an order in which it found that S. C. should remain in her aunt's custody and that appellant could have supervised visitation beginning one week after he started a program for treatment of sexual offenders. It is this order which is the subject of this appeal.

1. In two separate enumerations of error, appellant now attempts to appeal the original deprivation order, contending that there was insufficient evidence to support the finding of deprivation and that the trial court erred by not providing the Indian Nation with notice of the proceedings pursuant to 25 USC § 1912 because S. C. is one-quarter Native American.

Appellant, however, never filed a notice of appeal with regard to the original deprivation order. OCGA § 5-6-38 (a) provides that a "notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." Appellant failed to make the required filing with regard to the deprivation order, and therefore, this Court has no jurisdiction to consider appellant's arguments regarding the efficacy of this ruling.

2. Appellant contends that, in its order granting temporary custody of S. C. to her aunt, the trial court erred by requiring him to submit to a sexual offender treatment program before being allowed to visit his daughter. We disagree.

Evidence was submitted in this case that S. C. claimed that her father had molested her. The trial court found this evidence to be credible, and, in large part, it based its finding of deprivation on the determination that this molestation had actually occurred. As this determination has not been appealed, we will not question it here. The trial court did not abuse its discretion in requiring appellant to start treatment prior to being allowed to visit S. C., based on the subject incident.

Contrary to appellant's argument, *Woodruff v. Woodruff*[1] is not applicable here. In *Woodruff*, the trial court determined that, after the Woodruffs' divorce, the father could have no visitation with his

---

[1] *Woodruff v. Woodruff*, 272 Ga. 485 (531 SE2d 714) (2000).

child whatsoever based on the mother's allegations that molestation had occurred. Our Supreme Court reversed this decision, finding that removal of all visitation in the absence of any probative evidence was an abuse of discretion. In this case, on the other hand, all visitation has not been completely removed. Appellant can visit his daughter if he enrolls in a treatment program. Moreover, here S. C., herself, accused appellant of molesting her, providing probative evidence that the act indeed occurred.

The trial court, therefore, did not err by requiring appellant to submit to a sexual offender treatment program before being allowed to visit his daughter.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 28, 2001.

*Thomas W. Veach*, for appellant.
*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, Edwards, Friedewald & Grayson, Robert J. Grayson*, for appellee.