A04A1849. IN THE INTEREST OF B. W., a child.
(602 SE2d 869)

BLACKBURN, Presiding Judge.

Accused of not protecting her minor child B. W. from sexual molestation, the mother of B. W. appeals the juvenile court's order finding B. W. deprived and awarding temporary custody to the local Department of Family and Children Services (DFACS). She complains that she was not allowed to call or cross-examine the child, even though the child's hearsay statements to others about the alleged acts of sexual molestation by the mother's boyfriend were admitted under OCGA § 24-3-16. The State agrees that the court erred in denying the mother the right to cross-examine the child and has no objection to reversal and remand. We agree also and therefore reverse.

Construed in favor of the juvenile court's judgment, the evidence shows that the Dougherty County DFACS petitioned the local juvenile court to find 11-year-old B. W. deprived based on reports that the child's mother was not protecting the child from repeated acts of sexual molestation by the mother's boyfriend. At the hearing on the matter, several witnesses testified (and a videotaped interview was shown) as to statements the child made to them regarding acts of molestation by the boyfriend and regarding the mother's refusal to protect the child from same. When the mother attempted to call the child as a witness for cross-examination, the court refused to allow the child to testify. Citing OCGA § 24-3-16, the mother then moved to strike all the testimony regarding the child's statements, which motion the court denied. The mother proffered the essence of her anticipated cross-examination, which went to impeaching the child's claim of molestation.

OCGA § 24-3-16 provides:

> A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another . . . is admissible in evidence by the testimony of the person or persons to whom made *if the child is available to testify in the proceedings* and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

(Emphasis supplied.) Based on this language, *Woodruff v. Woodruff*[1] held that the admissibility of such child hearsay testimony is dependent upon a two-pronged showing by the proponent of the testimony that the child is available and that the child's statements are reliable. "The term 'available' denotes a witness who can be confronted and cross-examined. A child unable to take the stand obviously cannot respond to opposing counsel's questions." (Citation and punctuation omitted.) Id. Because the party offering the child hearsay testimony in *Woodruff* failed to prove that the child was present at the hearing and capable of giving competent testimony, the child's statements to others were rendered inadmissible and lacked any probative value. Id. at 487-488 (1). See *Hines v. State*[2] (child who would not take the stand was unavailable and therefore his hearsay statements to others about alleged molestation were not admissible under OCGA § 24-3-16).

Here, the court refused to permit the child to testify, despite the mother's request. Accordingly, the evidence regarding the child's statements to other witnesses was rendered inadmissible and was without probative value. *Woodruff*, supra at 488 (1). We commend the State for its candor in recognizing the error committed below. We reverse the judgment below and remand the case for proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. Barnes and Mikell, JJ., concur.*

DECIDED JULY 30, 2004.

*James N. Finkelstein*, for appellant.

---

[1] *Woodruff v. Woodruff*, 272 Ga. 485, 486 (1) (531 SE2d 714) (2000).
[2] *Hines v. State*, 248 Ga. App. 752, 753-754 (1) (548 SE2d 642) (2001).

*Thurbert E. Baker, Attorney General, William C. Joy, Shalen S. Nelson, Senior Assistant Attorneys General, Laura W. Hyman, Assistant Attorney General, Paula K. Hanington,* for appellee.