A09A0553. IN THE INTEREST OF A. A. M., a child.
(676 SE2d 301)

ANDREWS, Presiding Judge.

A. A. M. was adjudicated delinquent in the Juvenile Court of Liberty County based on a petition alleging that, in violation of OCGA § 16-7-1, he burglarized a house. Because the State failed to introduce evidence sufficient to show that A. A. M. committed or was a party to the alleged burglary, the adjudication of delinquency must be reversed.

The delinquency petition filed by the State alleged that on or about April 8, 2008, A. A. M. participated in the burglary of a house at an address located in the Hawthorne subdivision in Hinesville. The State produced evidence from the victim that her house was burglarized; that certain items were stolen; and that A. A. M. had no authority to enter the house. A. A. M. gave a statement to a police

officer admitting that he participated along with another individual, P. K., in the burglary of a house located in "Eagles Landing." Evidence showed that Eagles Landing is a subdivision located adjacent to the Hawthorne subdivision. Although the house that A. A. M. was charged with burglarizing was located at an address in the Hawthorne subdivision, a police officer testified that, based on his experience, the burglarized house is located in an area considered to be "Eagles Landing." Another police officer testified that house burglaries are frequent in the "Eagles Landing" area. The State produced evidence that property stolen in the burglary was recovered by police in Florida. Although the State argues on appeal that it linked the stolen property to A. A. M. because it was recovered in the possession of P. K., the record shows that the State was unable to produce admissible evidence that the property was recovered in the possession of P. K.* In a subsequent statement to police, A. A. M. denied that he was involved in the alleged burglary.

In support of the allegation that A. A. M. burglarized the described house on April 8, 2008, the State produced A. A. M.'s admission that he and P. K. burglarized a house located in "Eagles Landing." Although the house described in the petition was located in the Hawthorne subdivision adjacent to the Eagles Landing subdivision, other evidence showed that the house was located in the "Eagles Landing" area, where burglaries frequently occurred. The State produced no witness to the burglary, and there was no evidence that A. A. M. or P. K. was found in possession of property stolen in the burglary. On this record, we find that the State failed to produce evidence sufficient to prove beyond a reasonable doubt that A. A. M. committed the charged burglary. Although A. A. M. admitted to committing a burglary in the area where the burglarized house is located, there is no additional evidence sufficient to prove beyond a reasonable doubt that the admitted burglary was the burglary charged in the petition. OCGA § 24-3-53; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 24, 2009.

*Merritt & Grinstead, Chestley N. Merritt*, for appellant.

---

* The trial court sustained A. A. M.'s objections to hearsay evidence the State attempted to introduce on this issue. Even if some hearsay on this issue was introduced without objection, it had no probative value and cannot be considered in evaluating the sufficiency of the evidence to support the adjudication of delinquency. *Woodruff v. Woodruff*, 272 Ga. 485, 488 (531 SE2d 714) (2000); *Cuyuch v. State*, 284 Ga. 290, 295 (667 SE2d 85) (2008).

*Tom Durden, District Attorney, Johnathan C. Gaskin, Assistant District Attorney*, for appellee.