### A10A0151. MITCHUM v. MANNING.
(698 SE2d 360)

BERNES, Judge.

Appellant Phyllis Mitchum is the legal guardian of Wanda, Mitchum's mentally and physically incapacitated adult daughter. Appellee Johnny Manning is Wanda's biological father. Mitchum prohibited Manning from visiting Wanda, and Manning thereafter petitioned the trial court to permit visitation. The trial court granted Manning's request, and Mitchum appeals. Mitchum argues that the trial court erred in concluding that visitation with Manning was in Wanda's best interest. For the reasons that follow, we affirm.

The record shows that Wanda, who was 36 years old at the time of these proceedings, was born with hydrocephalus and suffers from severe mental and physical handicaps which render her unable to walk or talk. Mitchum contends that Wanda's handicaps resulted from her premature birth, which was precipitated by Manning's physical abuse of Mitchum during her pregnancy.

The parties divorced several years after Wanda's birth, and both have since remarried. Because of Wanda's condition, she has never lived at home; instead, she has been living in the state-run facility in which she currently resides since she was a small child. Wanda was a ward of the state until she turned 18 years old, at which time Mitchum was appointed her legal guardian.

Prior to Wanda turning 18 years old, Manning visited Wanda at the facility on several occasions. When Mitchum became Wanda's legal guardian, however, she instructed the facility not to allow Wanda to have any contact with Manning.

In 2008, approximately 18 years after Mitchum terminated Manning's visitation, Manning filed a petition for visitation in the trial court, which Mitchum opposed. At the ensuing hearing, Mitchum argued that Manning should not be allowed to visit Wanda because he was responsible for her disabled condition. She also

argued that Wanda becomes disoriented around strangers and that Wanda was no longer familiar with Manning. The trial court granted Manning's petition, concluding that Manning had visited Wanda previously with no harmful results, and also that "there [was] no compelling evidence on which to deny visitation."

On appeal, Mitchum argues that the trial court erred in over-riding her opinion, as guardian, that it would be against Wanda's best interest to permit visitation with Manning. We cannot agree.

Georgia law cloaks a legal guardian with the general authority to "[e]xercise those . . . powers reasonably necessary to provide adequately for the . . . health[ ] and welfare of the ward." OCGA § 29-4-23 (a) (4). It also dictates, however, that "[i]n every guardian-ship, the ward has the right to . . . [c]ommunicate freely and privately with persons other than the guardian, except as otherwise ordered by a court of competent jurisdiction[.]" OCGA § 29-4-20 (a) (4). Furthermore, our state has a strong policy in favor of allowing a divorced parent continuing contact with his or her child so long as the parent has demonstrated the ability to act in the child's best interest.[1] See OCGA § 19-9-3 (d); *Woodruff v. Woodruff*, 272 Ga. 485, 485-486 (1) (531 SE2d 714) (2000). In this analysis, "the welfare of the child must receive the paramount consideration." *Griffin v. Griffin*, 226 Ga. 781, 784 (3) (177 SE2d 696) (1970). And we will not deny a parent all visitation rights absent exceptional circum-stances in which there is "reasonable probative evidence" that the parent is morally unfit. *Woodruff*, 272 Ga. at 486 (1) ("Generally, the interest of a child is best served by an award of visitation rights to a parent who is not morally unfit.") (citation omitted). See *Shook v. Shook*, 242 Ga. 55, 56 (2) (247 SE2d 855) (1978); *Patel v. Patel*, 276 Ga. 266, 267 (1) (577 SE2d 587) (2003).

With these principles in mind, we conclude that the trial court did not err in granting Manning's petition for visitation. The facts and allegations in this case are both sad and unfortunate. But despite her claims of past abuse, Mitchum has not presented suffi-cient evidence that allowing Manning visitation with Wanda would be against Wanda's best interest in light of the above-stated policy considerations. At the hearing, Mitchum's sole evidence consisted of her testimony that Manning had physically abused her 30 years earlier when she was pregnant with Wanda, and testimony from both Mitchum and her sister as to Wanda's disorientation when con-fronted with strangers. Manning, on the other hand, denied the

---

[1] While our case law setting forth our policy in favor of visitation generally involves a parent's right to visitation with his or her minor children, we discern no reason why it would not apply equally to a parent's right to visit his or her incapacitated adult son or daughter.

abuse allegations, presented testimony from his present wife that he has never been violent with either her or her children, presented four character witnesses who spoke positively of his reputation in the community, and presented evidence that he had previously visited Wanda on numerous occasions without harmful results.

Under these circumstances, and in the absence of any medical or other direct testimony that visitation with Manning would have a negative impact on Wanda, we agree with the trial court that the current record is insufficient to justify denying Manning visitation with his daughter.[2] Cf. *Woodruff*, 272 Ga. at 485-488 (1); *Chandler v. Chandler*, 261 Ga. 598, 599 (1) (409 SE2d 203) (1991); *Shook*, 242 Ga. at 56 (2)

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 7, 2010.

*Richard Phillips*, for appellant.
*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellee.

---

[2] Manning's motion for the imposition of frivolous appeal sanctions is denied.