34390. COKER *v.* THE STATE.

412

*J. N. Rainey,* for plaintiff in error.

*Hope D. Stark, Solicitor-General,* contra.

GARDNER, P. J. Code § 27-414 provides: "The person accused may also, upon application to the committing officers or to the clerk of the superior court to which he is committed or bound to appear for trial, obtain subpoenas for such witnesses as he may deem material for his defense, which subpoenas said officers shall issue, requiring the witnesses to appear at the term of the court to which the accused is committed or bound to appear, and until his case is ended; and the subpoenas so issued shall have power and authority to compel the attendance of the witnesses at said court: Provided, that such subpoenas shall not extend to witnesses for the defendant, *out of the county, until a true bill is found against the defendant.*" (Italics ours.) It appears from the evidence adduced on the hearing of the motion for continuance that the defendant's witness Dunnagan was a resident of the county at the time the defendant was committed on January 11, 1952; that the defendant had talked with him, and while the witness was a merchant seaman, he had informed the defendant that he would be present at the trial; and that the defendant was released on bail pending the

February, 1952, grand jury of said county. It also appeared from said evidence that no subpoena was sought for this witness until the day after the indictment was returned, which was February 18, 1952, and that when the officer tried to locate the witness it was discovered that he was absent from his home. Code § 27-415 provides: "No party failing to use the means provided in the preceding sections, when within his power, shall be entitled to a continuance because said witnesses are not in attendance at the term of the court when his case is called for trial, if he is prosecuted for the same criminal act." It, therefore, appears that the defendant did not seek to avail himself of the means provided by the Georgia laws for compelling the attendance of "such witnesses as he may deem material for his defense," and that the judge of the superior court, acting as a trior of facts on the hearing of the motion for continuance, did not err in overruling and denying said motion. The defendant insists, however, that the witness was "out of the county," and that he exercised diligence and complied with the statute when he had the subpoena issued and placed in the hands of the officers the day after the indictment. The trial judge held to the contrary and stated: "I have given careful consideration to this contention and to the authorities cited by defendant's counsel. However, I am unable to agree to the correctness of this contention. By his own admission, the defendant knew the witness lived in the county; knew he was a member of the Merchant Marine; was with witness after the committal trial—next day, which was either the 11th or 12th of January; that he did not leave the county until sometime in February; and thus there was almost a month before indictment in which he could have had witness subpoenaed." In *Chatfield v. State,* 10 *Ga. App.* 40 (72 S. E. 513), as pointed out by the trial judge, it did not appear that the defendant had been committed by the magistrate prior to indictment by the grand jury, and therefore the statement made in that case is not applicable, and the provisions of Code § 27-415 applied. It appeared that the accused was committed by a magistrate here, and could have had the material witness, who lived in the county and who remained therein for some time after the commitment hearing, subpoenaed; and therefore it appears that the defendant did not

"use the means provided" by Code § 27-414 "when within his power" and that he was not, under Code § 27-415 "entitled to a continuance because said" witness was "not in attendance at the term of court when his case" was called for trial. As stated, the court did not err in overruling the motion for a continuance, and no error appears in this ground of the motion for a new trial.

■ The evidence adduced on the trial, which we will not recite in detail, supported a verdict that the defendant made an assault on the prosecutrix, a grown woman and the mother of a child, with intent to have sexual intercourse with her forcibly and against her will. The evidence was such that a verdict in favor of the defendant could have been returned by the jury; but the jury saw fit to credit the testimony of the female, which was sufficiently corroborated by the circumstances appearing in the facts. The testimony of the female was to the effect that the defendant, after midnight, upon returning the woman to her home from a dance which she had attended with him, threw her to the floor, wrestled with her, took her clothes off, and endeavored to have intercourse with her, bruising her lips and body in the attempt. A yard dog barked and the defendant momentarily desisted in his efforts. The woman quickly took advantage of the opportunity and jumped from under him; running to a neighbor's house adjacent to her home while in an undressed condition, and there she complained of the defendant's act. It is true that the defendant did not flee and was in the house when the neighbor came, and later when the police arrived. There was also evidence that the prosecutrix stated when the officers arrived that she would like to drop the matter. The prosecutrix's testimony was further corroborated by Dr. Alex Russell of Winder who examined her on the day following the assault and found that her lips and her thigh were bruised. Therefore the evidence authorized the verdict.

No error of law appearing and the evidence authorizing the verdict of guilty, the trial court did not err in overruling the defendant's motion for a new trial as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*