69099. MARONEY v. THE STATE.
(327 SE2d 231)

POPE, Judge.

Jonathon Lynn Maroney brings this appeal from his conviction of driving under the influence of alcohol. Appellant's two enumerations of error challenge certain evidentiary rulings made by the court during the course of his trial. The first enumeration cites as error the "testimony and submission of evidence of an unauthenticated document, the officer's copy of a reduced copy of a certificate." This certificate is purported to be the permit issued to the officer under OCGA § 40-6-392 (a) (1) authorizing his operation of the Intoximeter Breathanalyzer Model 3000. The second enumeration assigns error "in disallowing an authenticated document from the records of [the United States] Department of Commerce . . . Patent and Trademark Office into evidence." This document is a certified copy of the letters patent for an ampoule assembly and holder, an invention relating to equipment used to conduct gas analysis, particularly for conducting a breath test to determine whether a suspect is intoxicated.

"The burden is on the appellant to show error by the record, and when a portion of the evidence — whether it be testimony or documentary or physical in nature — bearing upon the issue raised by the enumeration of error, is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." *Law v. State*, 121 Ga. App. 106, 108 (173 SE2d 98) (1970). In the case at bar, the subject documents appear in the record on appeal solely as exhibits to appellant's motion for new trial. Appellant's notice of appeal specifically states that no transcript of the evidence at trial would be filed for inclusion in the record on appeal. On the basis of this appellate record, we are unable to determine what objections, if any, were made to these documents, and what rulings, if any, were made by the trial court regarding same. The bare presence of these documents in the record, absent any context by which to resolve their admissibility as evidence, presents nothing for review by this court. See *Dunaway v. Beam*, 129 Ga. App. 220 (199 SE2d 395) (1973).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 4, 1985.

*Jay W. Bouldin*, for appellant.

*John C. Carbo III, Solicitor*, for appellee.