## 77282. SOSEBEE v. THE STATE.
(380 SE2d 464)

POPE, Judge.

In 1986, defendant Geary Sosebee was a party to a divorce proceeding and custody dispute regarding his two children. The court, in the divorce proceeding, placed the two children in the custody of the Department of Family and Children Services pending a determination of custody. While the court was considering the custody issue, defendant's mother-in-law reported to DFACS her suspicion that de-

fendant had sexually abused one of the children. Following an investigation of the complaint, defendant was indicted for multiple counts of child molestation. Defendant appeals his convictions.

1. At trial, defendant raised the issue that others, including the child's babysitters had had the opportunity to commit the acts complained of by the child. In closing argument, the prosecuting attorney stated: "I could have called every babysitter that's ever been around that child, and what would they have said? If I asked every one of those babysitters, have you ever touched this child, what would they have said? No. Does that surprise you? Did I have to put them up here to prove that to you?" Defendant's attorney objected on the ground the prosecutor was arguing matters not in evidence, but the objection was overruled. On appeal, defendant argues this portion of the state's closing argument constitutes reversible error.

A prosecutor may not inject in his final argument matters which were not proven in evidence. *Williams v. State*, 254 Ga. 508 (3) (330 SE2d 353) (1985). However, even an improper statement, when taken in context, may not constitute reversible error. *Smith v. State*, 141 Ga. App. 529 (2) (233 SE2d 841) (1977). A review of the transcript shows the objectionable statement concerning the expected testimony of witnesses not actually called to testify was made in the context of explaining to the jury why such witnesses were not called. The prosecuting attorney went on to state: "I could have brought every man that has ever been around this child in here, and what would you expect them to say if they were asked [whether they had touched the child] . . . ." When considered in the context of the entire closing argument it is obvious that the prosecuting attorney was not stating as a fact what the unpresented testimony would have been but was posing a rhetorical question to the jury as to whether they would have expected any given witness to admit they had molested the child. We find no reversible error in this portion of the closing argument.

Defendant also argues the prosecuting attorney improperly questioned the defendant's failure to call his wife as a witness. Defendant maintains such argument constitutes reversible error because the defendant could not compel his wife to testify. In fact, spousal immunity does not apply to proceedings in which one spouse is charged with a crime against a minor child. OCGA § 24-9-23 (b). Thus, defendant's wife could have been compelled to testify and we find no reversible error in the state's remarks on defendant's failure to call her as a witness.

Defendant also argues the prosecuting attorney committed reversible error in appealing to the passions or prejudices of the jury by asking the jury to convict defendant in order to protect the victim from further harm. The prosecuting attorney may make a rhetorical argument about what acts the defendant could be expected to commit

in the future so long as it is a reasonable deduction from the evidence. See *Brand v. Wafford*, 230 Ga. 750 (9) (199 SE2d 231) (1973); *Davis v. State*, 178 Ga. App. 357 (3) (343 SE2d 140) (1986). The record shows the prosecuting attorney repeatedly stated that if they did not believe the evidence against defendant, the jury should acquit him. However, if the jury believed the defendant was guilty, the attorney asked them not to "put [the victim] back into this trap . . . ." We find no error in the closing argument.

2. Prior to the trial of the case, defendant challenged the constitutionality of the Child Hearsay Statute, OCGA § 24-3-16. The Georgia Supreme Court granted interlocutory review of this issue and, in *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987), upheld the constitutionality of the statute by holding that where the statute is implemented it must be accompanied by the right of either party to examine or cross-examine the child-witness by requesting the court to call the child as a witness. On appeal of the guilty verdict, defendant again challenges the constitutionality of the statute, arguing that its constitutionality should be reconsidered in light of the more recent pronouncement of the United States Supreme Court in *Coy v. Iowa*, 487 U. S. ___ (108 SC 2798, 101 LE2d 857) (1988). We find no merit to defendant's argument and therefore are not required to transfer the appeal to the Supreme Court pursuant to Rule 21 (b) of the Rules of the Court of Appeals of Georgia.

3. Defendant argues his constitutional rights pursuant to the Sixth Amendment Confrontation Clause were violated by the court's denial of his motion to compel access to the witness and examination of the child's medical records. The state may not deny defendant access to a witness material to the defense, but a witness cannot be compelled to submit to a pre-trial interview. See *Rutledge v. State*, 245 Ga. 768 (2) (267 SE2d 199) (1980); *Emmett v. State*, 232 Ga. 110 (2a) (205 SE2d 231) (1974). The child-witness in this case was in the custody of the state acting through DFACS. In an effort to eliminate the conflict of interest between the state as prosecutor and the state's role in supervising the child, the court appointed a guardian ad litem to represent the legal interests of the child. The guardian refused to make the child available to defendant and refused to consent to the release of confidential medical records. "A witness may refuse to be interviewed prior to trail [cit.]; and when the witness is a child, the child's guardian may make this decision." *Dover v. State*, 250 Ga. 209, 211-212 (296 SE2d 710) (1982), cert. denied, 459 U. S. 1221 (1983).

Defendant's constitutional argument has been decided adversely to him by the United States Supreme Court. In *Pennsylvania v. Ritchie*, 480 U. S. 39 (107 SC 989, 94 LE2d 40) (1987), the criminal defendant, charged with sexual child abuse, similarly argued that by denying him access to information necessary to prepare his defense,

the trial court interfered with his right of "effective" cross-examination of witnesses. The United States Supreme Court rejected this argument. "If we were to accept this broad interpretation . . . the effect would be to transform the Confrontation Clause into a constitutionally-compelled rule of pretrial discovery. Nothing in the case law supports such a view. The opinions of this Court show that the right to confrontation is a *trial* right. . . . In short, the Confrontation Clause only guarantees 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' [citing *Delaware v. Fensterer*, 474 U. S. 15, 20 (106 SC 292, 88 LE2d 15) (1985)]." *Pennsylvania v. Ritchie*, supra at 52-53. According to *Pennsylvania v. Ritchie*, the defendant is entitled to an in-camera inspection by the trial judge to determine what, if any, material information should be released as useful to the defense. The record of the case now before us shows the court conducted such an inspection in response to defendant's request.

Defendant also maintains he was denied the right of effective cross-examination by the court's denial of his motion for an independent psychiatric evaluation of the child to determine her competence at the time her out-of-court statements were made. The statutory test for determining the competency of a child to testify as a witness in a judicial proceeding is that he understand the nature of an oath. OCGA § 24-9-5. See generally *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). Therefore, the concept of "competency" at the time an out-of-court statement was made is meaningless and irrelevant. OCGA § 24-9-7 contemplates only that a small child be found competent to testify at trial; the code section has no applicability to out-of-court statements and does not require that the court determine the child's competency at the time the out-of-court statements were made. *Newberry v. State*, 184 Ga. App. 356 (4) (361 SE2d 499) (1987). Thus, defendant had no right, at the competency hearing, to present evidence concerning the child's competency at the time the out-of-court statements were made.

Defendant also argues he was denied a sufficient opportunity to contest the indicia of reliability as to the out-of-court statements of the child. The record shows defendant conducted extensive cross-examination of the witness who testified concerning the out-of-court statements during a hearing on reliability outside the presence of the jury. Under the circumstances of this case, we find no requirement for expert testimony to establish the reliability of the child's out-of-court statements. Cf. *Godfrey v. State*, 258 Ga. 28 (365 SE2d 93) (1988) (in which the out-of-court statements consisted of "sleep talk," which the court held to be a phenomenon requiring expert testimony to establish its reliability).

4. Defendant had no constitutional right to examine all materials in the file maintained on this case by DFACS. The record reflects that the trial court inspected the DFACS file on several occasions in response to defendant's motion to examine the records. Thus, defendant's right to obtain material information from the state's files was protected. See *Pennsylvania v. Ritchie*, supra.

5. Defendant argues the trial court erred in failing to require the state to produce "all" scientific reports gathered in the case. The state is not required to disclose all reports but, upon a proper written request, the state is required to disclose those scientific reports which will be used as evidence at trial. OCGA § 17-7-211. Defendant does not identify which reports were improperly admitted pursuant to said code section and our review of the record reveals no improperly admitted scientific evidence.

6. An investigator employed by the Fayette County Juvenile Court testified that she observed the child-victim in a waiting room of the DFACS offices saying to her father, who was visiting her there, "I won't tell [the DFACS officer] our special secret." Defendant objected to the statement as inadmissible hearsay. "A witness may testify as to what he saw and heard in the defendant's presence." *Moore v. State*, 240 Ga. 210, 212 (240 SE2d 68) (1977); accord *Broome v. State*, 141 Ga. App. 538 (2) (233 SE2d 833) (1977). Defendant argues the overheard statement would not be admissible as an exception to hearsay because the witness stated she was not in the room with the child and defendant but observed them and heard the statement through an open doorway. The necessary element for this exception is that the out-of-court statement was made in defendant's presence. See *Green v. State*, 175 Ga. App. 849 (335 SE2d 4) (1985). The witness need only be in a position to hear what was said in defendant's presence.

7. Defendant argues he was entitled to a continuance in order to secure the attendance of a former DFACS caseworker who was out-of-state at the time defendant attempted to serve her with a subpoena to appear at trial. A defendant is not entitled to a continuance to secure the attendance of a witness when it was within his power to subpoena the witness but he failed to do so. OCGA § 17-7-192; see *Parrish v. State*, 125 Ga. App. 97 (186 SE2d 541) (1971). Defendant admits he was aware of the caseworker's involvement in the case at least as early as November 1986. Trial commenced in September 1987. It appears from colloquy on the record that no effort was made to subpoena the caseworker until after trial had commenced. Where defendant could have served a subpoena on a witness at an earlier date but failed to do so, the court does not err in denying a continuance because at the time of trial the witness was outside the subpoena power of the court. *Coker v. State*, 87 Ga. App. 411 (1) (74 SE2d 12) (1953).

8. Defendant argues the court erred in excluding the testimony

of a witness that she had been told by a friend of the child's mother, at the child custody hearing prior to the report of child molestation, "It's not over yet, we've got our bag of tricks." Hearsay evidence is admitted only from necessity. OCGA § 24-3-1 (b). In ruling to exclude the testimony, the trial court noted that the declarant of the out-of-court statement had been present at trial and was obviously available to testify. We agree that the statement was not admissible to impeach an earlier witness who had denied hearing the statement because the witness offering the hearsay testimony admitted she did not know if the other witness had heard the statement. We find no error in excluding the hearsay testimony.

9. Prior to trial, the prosecuting attorney revealed, in response to defendant's *Brady* motion, that the child-witness had recanted her earlier statements against defendant. Defendant argues the court improperly denied his motion to disqualify the prosecuting attorney because he would be called as a witness at trial. First, the prosecuting attorney's testimony was not necessary to establish that the child had recanted her statements since the attorney identified two other persons who witnessed the recantation. Secondly, although the prosecuting attorney was subpoenaed as a witness, he was never called to testify. Thus, the court was not required, nor was it necessary, to disqualify the prosecuting attorney.

10. Finally, a review of the record shows sufficient evidence was presented to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes charged.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 2, 1989 —
REHEARING DENIED MARCH 14, 1989 —

*Cook & Palmour, Bobby Lee Cook, Jake Arbes*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.