A89A0383. IN THE INTEREST OF K. T. B., a child.
(384 SE2d 231)

CARLEY, Chief Judge.

The issue presented for resolution in this appeal is the meaning of "available to testify" as that phrase is employed in OCGA § 24-3-16: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is *available to testify* in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." (Emphasis supplied.)

This issue arises in the following context: A delinquency petition was filed, alleging that appellee K. T. B. had committed an act of child molestation. The petition was predicated upon the accusations of a three-year-old child. The juvenile court determined that the three-year-old was not a competent witness under OCGA § 24-9-5. Having ruled against the competency of the three-year-old, the juvenile court further found that any out-of-court statements made by her would not be admissible because she was not "available to testify" within the meaning of OCGA § 24-3-16. The three-year-old having been found to be an incompetent witness and her out-of-court statements having been excluded, the juvenile court granted appellee's motion to dismiss the delinquency petition. It is from that order of dismissal that the State brings this appeal.

In *Ward v. State*, 186 Ga. App. 503 (368 SE2d 139) (1988) OCGA § 24-3-16 was construed by seven judges of this court as authorizing the admission of a child's out-of-court statements only if the

child himself has been shown to be competent to testify as a witness. The majority noted that, "[h]ad the child been a *competent witness*, and thus 'available to testify in the proceedings,' [her out-of-court statements] clearly would have been admissible under OCGA § 24-3-16. . . ." (Emphasis supplied.) *Ward v. State*, supra at 503 (1). The dissent agreed with the majority that the child's out-of-court statements were not "admissible under the provisions of OCGA § 24-3-16. This is true because the trial court found that the victim was *incompetent as a witness and unavailable*." (Emphasis supplied.) *Ward v. State*, supra at 506. The only disagreement between the majority and the dissent was over the admissibility of the child's out-of-court statements under the res gestae hearsay exception.

This interpretation is consistent with the Supreme Court's decision in *Sosebee v. State*, 257 Ga. 298, 299 (357 SE2d 562) (1987): "[I]f the prosecution invokes the Child Hearsay Statute to introduce out-of-court declarations by the alleged victim, the court shall do as follows: Before the [S]tate rests, the court shall, at the request of either party, cause the alleged victim to *take the stand*. The court shall then inform the jury that it is the court who has called the child *as a witness*, and that both parties have the opportunity *to examine the child*. The court shall then allow both parties to *examine and cross-examine* the child as though the Child Hearsay Statute has not been invoked." (Emphasis supplied.) It would be anomalous to hold that, notwithstanding a child's inability to satisfy the applicable competency requirements of OCGA § 24-9-5, he is nevertheless entitled to take the stand and can be subject to direct and cross-examination.

Likewise, the interpretation of OCGA § 24-3-16 as requiring that the child himself be competent to testify is consistent with the interpretation given to comparable statutes in other jurisdictions. "[O]ther jurisdictions uniformly conclude an incompetent witness is unavailable. [Cits.]. . . . While the concepts of availability and competency do not overlap entirely, it is quite clear that an incompetent child is not available. The term 'available' denotes a witness who can be confronted and cross-examined. [Cit.] A child unable to take the stand obviously cannot respond to opposing counsel's questions." *State v. Doe*, 719 P2d 554, 557 (5) (Wash. 1986). "[W]e hold that 'unavailability of a witness' includes the situation in which a declarant is incompetent to testify because of age. . . ." *State v. Bounds*, 694 P2d 566, 568, fn. 1 (Or. App. 1985).

Accordingly, for the benefit of the bench and the bar we reaffirm the interpretation of OCGA § 24-3-16 which was adopted in *Ward v. State*, supra, and hold that the phrase "available to testify" as employed in that statute means "competent to testify under OCGA § 24-9-5." Consequently, *after* the effective date of, Ga. L. 1989, p. ___ (Act Number ___), the 1989 amendment to OCGA § 24-9-5, out-of-court

statements of a child such as those involved in the present case will be admissible. That amendment provides, in relevant part, that "in all cases involving child molestation, and in all other criminal cases in which a child was a victim of or a witness to a crime, any such child shall be competent to testify. . . ." However, the present case predates the effective date of the amendment to OCGA § 24-9-5 and, accordingly, the juvenile court correctly found that, absent a satisfaction of the then-applicable competency requirement, the out-of-court statements of the three-year-old were not admissible. There being no admissible evidence to show appellee's commission of the alleged delinquent act, the delinquency petition was properly dismissed.

*Judgment affirmed. Deen, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur. McMurray, P. J., concurs in judgment only. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

This case involves a petition for an adjudication of delinquency of a 14-year-old boy for child molestation in allegedly exposing himself to his two-year-old sister and a three-year-old girl and making the sister touch his penis. Before the trial commenced, defendant sought to exclude from trial the statements of the three-year-old to her mother and in the presence of a friend of her mother and the child's videotaped statement to a juvenile detective. As indicated in the majority opinion, the court determined the child was not competent to testify as a sworn witness, ruled that OCGA § 24-3-16 was therefore inapplicable, and dismissed the petition.

I respectfully dissent for the reasons set out in the special concurrence in *Westbrook v. State*, 186 Ga. App. 493, 498 (368 SE2d 131) (1988).

DECIDED JULY 3, 1989.

*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Hodges, Erwin & Hedrick, Gail Singleton*, for appellant.
*Robert H. Revell, Jr.*, for appellee.