A89A1290. IN THE INTEREST OF A. H., a child.

(385 SE2d 776)

DEEN, Presiding Judge.

A delinquency petition was filed in the juvenile court against A. H., alleging that she committed child molestation by performing various sexual acts on a child under 14 years old. At the adjudicatory hearing, the trial court allowed certain witnesses to testify to what the five-year-old victim had told them about the sexual activity with A. H., pursuant to OCGA § 24-3-16. The victim also was questioned extensively about the entire matter before any ruling on his competence as a witness was made. When pressed by the juvenile's attorney for a definite ruling on the child's competence, the trial court expressed doubt over the child's competence and ruled that he was "not going to rule at this point that he's competent to testify fully as a normal witness. However, his testimony today will be considered part of the foundation to let in his out-of-court statements to these other people. . . ."

Under OCGA § 24-3-16, "[a] statement made by a child under

the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." This court has previously held that if the child is incompetent as a witness, he is not "available to testify," and the out-of-court statements of such a child are not rendered admissible by OCGA § 24-3-16. *Ward v. State*, 186 Ga. App. 503 (368 SE2d 139) (1988). The Code section does not envision a hybrid degree of competency seemingly employed by the trial court so as to admit the child's out-of-court statements to others.

However, this court cannot ascertain from the record whether the trial court actually concluded that the child was competent to testify, or whether the trial court made a finding of "quasi-competency." Under this circumstance, we must remand this case to the trial court for a clear ruling on the issue of the child's competence.

*Case remanded with direction. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*David K. Smith*, for appellant.
*Jack O. Partain III, District Attorney, Todd L. Ray, Assistant District Attorney*, for appellee.