A89A2204. FIELDS v. THE STATE.
(390 SE2d 71)

SOGNIER, Judge.

Waymon Fields was convicted of two counts of child molestation, and he appeals.

1. Appellant enumerates the general grounds. The transcript reflects that appellant, the step-grandfather of the seven-year-old victim, was tried jointly with the victim's father, Ronald Frazier, who was also accused of molesting the victim. Evidence was adduced that the victim lived with appellant and his wife, the victim's grandmother. Both the victim's regular teacher, June Collins, and the teacher aide for migrant children who taught the victim, Vivian Diane Farmer, testified that beginning in January 1987, the victim would complain that appellant "bothered" her the night before. Collins testified that the victim had also stated that appellant was "tickling" her, but that the victim refused to give more details because "it was a secret." On February 12, 1987, the victim arrived at school running a fever and told Farmer she did not feel good, repeating that appellant had bothered her the night before. Farmer testified she asked the victim for more details and ascertained from the victim that appellant had pulled down the victim's underpants. When asked where appellant had bothered her, the victim put her hands between her legs, touching her genitalia. The victim made similar statements to Collins and expressed reluctance to return to her home. Pam Walden, employed by the White County Family & Children Services Department, testified that when she interviewed the victim on February 13, 1987, in the presence of appellant, the victim denied any problems with ap-

pellant, but in a subsequent interview conducted without appellant, the victim stated that appellant touched her between her legs and used anatomically correct dolls to demonstrate the touching. The psychologist who examined the victim detailed her behavior and testified that such behavior was characteristic of a sexually abused child. He related an interview held with the victim in which she described in graphic detail how appellant had sexual intercourse with her. The victim herself testified at trial to the same events. Also admitted at trial was appellant's statement to a GBI officer that "I could have been out of my mind drunk and it could have happened. . . . If I had been drunk or passed out, it could have happened."

Appellant testified, denying that he had committed any of the acts alleged. However, the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of both counts of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Braggs v. State*, 189 Ga. App. 275, 276 (1) (375 SE2d 464) (1988).

2. Although appellant contends the trial court erred by admitting into evidence direct testimony of the victim and the out of court statements the victim made to others on the basis that there was no finding that the victim was competent to testify, the transcript reveals that appellant made no objection to the evidence. All references in the transcript are to objections made solely by counsel for Frazier. "It is well established that appellate courts may not consider objections to evidence not raised at trial. [Cit.] 'If several parties are entitled to make an objection, and it is made by any number less than all, it does not inure to the advantage of the party or parties not joining in it.' [Cit.] Thus, where a defendant does not expressly adopt the objection of a co-defendant, he thereby waives that objection and may not utilize it to gain review. [Cits.]" *Barnes v. State*, 168 Ga. App. 925, 926 (2) (310 SE2d 777) (1983). In the instant case appellant waived any objection by failing to adopt the objection made by Frazier's counsel.

However, even had the issue been properly preserved for appeal, the enumeration of error is without merit. Regarding the victim's trial testimony, we note initially that the trial in this case occurred prior to the effective date of OCGA § 24-9-5 (b) (Ga. L. 1989, p. 1639, § 1, effective April 19, 1989). The record reveals that before the State rested, the victim took the stand and was examined and cross-examined by both parties during a hearing conducted pursuant to OCGA § 24-3-16 and *Sosebee v. State*, 257 Ga. 298, 299 (357 SE2d 562) (1987). Thereafter, the trial court found the victim "qualified" to testify. Contrary to appellant's argument, the trial court is not required under OCGA § 24-9-7 to conduct the hearing itself. *Sprayberry v. State*, 174 Ga. App. 574, 575-576 (1) (330 SE2d 731)

(1985). Although appellant argues the victim's testimony was inconsistent and demonstrated she was not competent to testify, it is well established that "[t]he trial court's finding of competency of the [child victim is] within the sound discretion of the court, and we will not disturb the court's ruling unless there was a manifest abuse of discretion, which there was not here. [Cits.]" Id. at 576. As to the out of court statements, "[s]ince the child was found to have been competent to testify at trial and had been made available for giving testimony at trial, the trial court did not err in admitting the [video and audio tapes] and the live witnesses' testimony about the victim's accounts of the alleged abuses. OCGA § 24-3-16. [Cit.]" *In the Interest of J. E. L.*, 189 Ga. App. 203, 204 (1) (375 SE2d 490) (1988). The record does not support appellant's contention that the trial court held that a competency hearing was not required under *Sosebee*, supra; rather, the record reflects that the trial court stated correctly that *Sosebee* did not require the trial court to conduct the examination of the child, see id. at 299, and that the court then allowed the parties the opportunity to examine and cross-examine the victim, thereby conducting the trial in a manner consistent with OCGA § 24-3-16, as interpreted by the Supreme Court in *Sosebee*, supra. Appellant's arguments regarding the "competency" of the child at the time she made the out of court statements to the witnesses have been resolved adversely to appellant in *Sosebee v. State*, 190 Ga. App. 746, 749 (380 SE2d 464) (1989).

3. The record reflects that, contrary to appellant's statement in his brief, no motion for mistrial was made by appellant regarding the matter asserted in appellant's fifth enumeration. " '(D)efendant has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief.' [Cit.]" *Sanders v. State*, 188 Ga. App. 774, 775 (374 SE2d 542) (1988).

4. Appellant contends the trial court erred by excluding testimony by Teresa Adams regarding whether "sufficient indicia of reliability" existed under OCGA § 24-3-16 to authorize the introduction of the State's Exhibit 1, a videotaped statement by the victim. We find no merit in this enumeration. First, the transcript reveals that when the exhibit was admitted, the only objection raised was not pertinent to this enumeration and thus the admission of the exhibit was not error on the ground raised on appeal. See *Thaxton v. State*, 184 Ga. App. 779, 781 (2) (362 SE2d 510) (1987). Further, there is no indication in the transcript that Adams was called by any party as a witness at trial, and appellant failed to proffer any evidence as to what Adams would have testified in regard to the videotape, as required to afford a basis for his assertion of error. See *Stancil v. State*, 155 Ga. App. 731, 733 (3) (272 SE2d 511) (1980). This court will not consider factual allegations in the brief of a party which are not supported by evi-

dence contained in the record. *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 2, 1990.

K. *Grant Keene*, for appellant.

C. *Andrew Fuller*, District Attorney, C. *David Turk III, Lee Darragh*, Assistant District Attorneys, for appellee.