## A89A2248. HUNNICUTT v. THE STATE.
### (391 SE2d 790)

BIRDSONG, Judge.

Robert Hunnicutt appeals his conviction of aggravated child molestation for committing oral sodomy on a child under the age of 14 years, his two-and-one-half-year-old natural daughter. Among the errors alleged, he contends the trial court erred by permitting witnesses to testify under the Child Hearsay Statute (OCGA § 24-3-16). *Held*:

Hunnicutt's second, third, and fifth enumerations of error contend the trial court erred by permitting witnesses to testify about statements his daughter made about the sexual act he allegedly committed. Hunnicutt contends the testimony was inadmissible under OCGA § 24-3-16 because the child was not available at the time the witnesses testified, since the trial court did not determine the child's competency to testify, and the trial court did not specifically determine whether the statement had sufficient indicia of reliability.

We first direct our attention to Hunnicutt's contention that the victim was not available to testify because the trial court did not determine she was not competent to testify under OCGA § 24-9-5, since a decision on that issue may render moot the other issues on appeal. Of course, a child "available to testify" in OCGA § 24-3-16 also means one competent to testify under OCGA § 24-9-5. *In the Interest of K. T. B.*, 192 Ga. App. 132, 133-134 (384 SE2d 231); *Ward v. State*, 186 Ga. App. 503 (368 SE2d 139). Further, for offenses occurring before April 19, 1989, including child molestation, a child incompetent as a witness is not available to testify and any out-of-court statements are not rendered admissible by OCGA § 24-3-16. *In the Interest of K. T. B.*, supra; *In the Interest of A. H.*, 192 Ga. App. 692, 693 (385 SE2d 776).

The record shows Hunnicutt objected to the child's testimony because of incompetency, but the trial court interpreted OCGA § 24-3-16 not to require such a ruling, and specifically refused to rule. In these circumstances, as the testimony under the Child Hearsay Act was the only evidence tending to prove Hunnicutt committed the offense, we must remand the case to the trial court for a ruling on the child's competence, hence availability to testify. *In the Interest of A. H.*, supra; see *Moore v. State*, 187 Ga. App. 387, 393 (370 SE2d 517).

*Case remanded with direction. Deen, P. J., and Cooper, J., concur.*

DECIDED MARCH 5, 1990.

*Denmark Groover, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney,* for appellee.