A90A1427. MANTOOTH v. THE STATE.
(399 SE2d 505)

BIRDSONG, Judge.

James Mantooth appeals his convictions for sexually molesting his two stepdaughters, "H," age three years, and "S," age four years. Witnesses testified the little girls told them that Mantooth had molested them. Indeed, one witness authenticated a drawing which "S" drew showing Mantooth sexually molesting her while she lay in her bed.

Further, a pediatrician testified she examined both girls and found that "S" showed evidence of repeated vaginal and anal penetration and that "H" showed evidence of repeated anal penetration. The doctor also testified that "S" displayed a lack of effect consistent with having been repeatedly sexually molested. The doctor, however, also testified "H" told her someone named "Blue" had molested her and "H" selected from a group of drawings one of a young black man as looking like Blue. Also, a videotape was played which showed both "H" and "S" being interviewed by their mother and an investigator. On the tape both girls told how Mantooth hurt and touched them.

Other witnesses testified, however, that at various times the girls either stated that Mantooth had not hurt them or that it was someone else who had.

The prosecution also introduced testimony from Mrs. Mantooth that Mantooth was a drug abuser. Then, after a *Jackson-Denno* hearing, the prosecution introduced Mantooth's statement that he would have had to be under the influence of drugs to have committed the acts charged.

When called to testify, "H" refused to answer any questions and the trial court found that she was not a competent witness. Nevertheless, "S" testified fully and identified Mantooth as the person who molested her, demonstrated for the jury how this was done, and also testified that she saw Mantooth molest "H" while "H" was in the next bed.

In his defense, Mantooth called witnesses who testified that the little girls identified others as having molested them and Mantooth took the stand to deny the allegations. *Held*:

1. Mantooth's first three enumerations of error contend that the verdict is contrary to the evidence and without competent evidence to support it; the verdict is against the weight of the evidence; and the verdict is contrary to law and the principles of justice and equity. The thrust of these arguments is that the verdict was based upon inadmissible hearsay evidence since "H" was not a competent witness and hence the witnesses were not authorized to testify about what "H" told them. See OCGA § 24-3-16; *In the Interest of K. T. B.*, 192 Ga. App. 132, 133-134 (384 SE2d 231); *In the Interest of A. H.*, 192 Ga. App. 692, 693 (385 SE2d 776).

While these contentions could have merit if the convictions were based only on "H's" testimony, that is not the case. The pediatrician's testimony established that both little girls had been sexually molested. Further, "S" also told others that Mantooth had molested her and this testimony was properly admitted under the Child Hearsay Statute. More significantly, "S" testified in open court that Mantooth molested her and also testified that she saw Mantooth sexually molest "H." We find this sufficient evidence of Mantooth's guilt to satisfy the requirements of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, these enumerations of error are without merit.

2. Mantooth also alleges the trial court erred by denying his motion for a directed verdict of not guilty on the count of the indictment alleging that he molested "H." "[A] motion for [a] directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125, 127 (312 SE2d 311). "S's" testimony that she saw Mantooth molest "H" was sufficient

competent evidence to support a conviction for that crime, and the trial court did not err by denying the motion. OCGA § 17-9-1 (a); *Taylor v. State*, supra.

3. Mantooth also alleges the trial court erred by not granting, sua sponte, a motion for a mistrial on the count of the indictment alleging he molested "S" because the prosecutor violated OCGA § 17-8-75 by making statements in the hearing of the jury about prejudicial matters not in evidence, i.e., the prosecutor's comments about all the matters concerning "H." Mantooth, however, does not specify what these comments were and does not cite us to any particular comment in the record. Moreover, with the exception of one portion of the argument not relevant here, neither the opening statement nor the closing argument of the prosecutor was transcribed. Under the circumstances Mantooth has failed to meet his burden of establishing error in the record. *Maroney v. State*, 173 Ga. App. 434 (327 SE2d 231); *Brown v. State*, 146 Ga. App. 286 (246 SE2d 370). We cannot assume that the prosecutor made improper comments upon prejudicial matters which were not in the record, or that if he did, the comments were so prejudicial as to mandate a mistrial even without such a motion. Moreover, by not objecting and moving for a mistrial, Mantooth waived any error. *Hollis v. State*, 191 Ga. App. 525, 528 (382 SE2d 145). Further, to the extent that Mantooth's brief argues issues not included within the enumeration of error we cannot consider them. See *Vinson v. State*, 190 Ga. App. 676, 677 (379 SE2d 792). Accordingly, this enumeration of error is also without merit.

4. Similarly, Mantooth contends the trial court erred by not charging, sua sponte, that hearsay evidence about "H's" accusations against Mantooth had no probative value. Mantooth admits, however, that no such charge was requested, and no objection was made about the failure to give such a charge. Indeed, Mantooth's counsel responded to the trial judge that he had no exceptions to the charge or requests for additional charges. Under the circumstances any complaint about the charge not given was waived. OCGA § 5-5-24; *Gaines v. State*, 177 Ga. App. 795, 799 (341 SE2d 252). Moreover, the transcript shows that after the trial court determined that "H" was not a competent witness, Mantooth made no motion for any corrective action about the earlier testimony and made no objections to any hearsay testimony concerning "H's" allegations. Although an instruction on the probative value of hearsay evidence might be required under other circumstances, we find that in this case the instruction was not required. Accordingly, we will not, after the fact, find the trial court erred by not giving an instruction which was not requested and which, even as posed in the appellate briefs under the testimony in this case would not have accurately instructed the jury on the law applicable to the evidence before them. Therefore, this enumeration

of error is also without merit.

5. Mantooth also contends the trial court erred by denying his motion for a mistrial after the prosecution put his character in issue by asking Mrs. Mantooth whether her husband had a drug problem. "The granting or refusing of a motion for [a] mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." *Salmon v. Salmon*, 223 Ga. 129 (1) (153 SE2d 719). The transcript shows that this testimony was relevant because of Mantooth's statement that he could only have committed the crimes if he were on drugs. Not all evidence which places a defendant's character in issue is inadmissible. "If evidence is relevant and material to an issue in a case, it is not inadmissible because it incidentally puts the defendant's character in issue." (Citation and punctuation omitted.) *Richie v. State*, 258 Ga. 361, 362 (369 SE2d 740). "What is forbidden is the introduction by the state in the first instance of evidence whose sole relevance to the crime charged is that it tends to show that the defendant has bad character." (Emphasis deleted.) *Frazier v. State*, 257 Ga. 690, 698 (362 SE2d 351). Considering the testimony of Mrs. Mantooth with the appellant's statement to the police, the evidence was relevant on the issue of satisfying the criteria Mantooth established for him having committed these acts. Moreover, admission of evidence is within the sound discretion of the trial court and appellate courts will not interfere absent abuse of that discretion. Evidence having a tendency to establish facts in issue is relevant and admissible, and no matter how slight the probative value, our law favors admission of relevant evidence. *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). Accordingly, we find no error.

6. Mantooth alleges that he was denied the effective assistance of counsel as guaranteed by the United States and Georgia constitutions. The record shows, however, that while Mantooth's appellate counsel made this claim in an amended motion for new trial, no request was made for an evidentiary hearing on the issue, and none was held. Accordingly, the claim of ineffectiveness of counsel is waived. *Johnson v. State*, 259 Ga. 428, 429-430 (383 SE2d 115); *Dawson v. State*, 258 Ga. 380, 381 (369 SE2d 897).

7. Mantooth contends that the procedures used in the trial court violated his constitutional right to confront the witnesses against him and that the Child Hearsay Act, OCGA § 24-3-16, as applied to him violates both the Georgia and United States constitutions. The record shows that these matters were not raised in the trial court and therefore we may not consider them for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877).

Further, the record shows that the admission of "H's" hearsay allegations was not the result of an unconstitutional application of OCGA § 24-3-16; but instead resulted from Mantooth's trial strategy not to object to the testimony or move to strike after the trial court found that "H" was not a competent witness. "A defendant will not be allowed to induce an asserted error, sit silently by hoping for an acquittal, and obtain a new trial when that [trial] tactic fails." (Citation and punctuation omitted.) *Hill v. State*, 237 Ga. 523, 525 (228 SE2d 898). Additionally, considering the evidence against Mantooth, particularly "S's" convincing testimony that she saw him molest "H," we are satisfied beyond a reasonable doubt that any error resulting from the failure to strike "H's" testimony was harmless. *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38). Mantooth was entitled to a fair trial, not a perfect one. *Hill v. State*, supra. Under these circumstances, we find this enumeration also to be without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1990 —
REHEARING DENIED NOVEMBER 30, 1990.

*James R. McKay*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.