## A90A2117. WRIGHT v. THE STATE.
(401 SE2d 619)

BEASLEY, Judge.

Defendant appeals his conviction of aggravated child molestation. OCGA § 16-6-4 (c). He enumerates as error: permitting the victim, T. W., to testify without determining her competency; refusing to give a part of defendant's requested instruction referencing suggestibility of a witness.

1. The crimes allegedly occurred in April and May 1988, and trial was held in March 1990. This all preceded April 19, 1989, the effective date of OCGA § 24-9-5 (b).

The assistant district attorney called as the State's last witness the seven-year-old victim and began questioning her, expressly with a view to establishing her competency so that she might testify, see OCGA § 24-9-7, and in order to establish the admissibility of testimony by prior witnesses as to what the victim told them. See OCGA § 24-3-16; *In the Interest of K. T. B.,* 192 Ga. App. 132 (384 SE2d 231) (1989). The trial court allowed the jury to be excluded, recognizing that it had to make the initial determination of whether the proposed witness was capable of testifying. In the course of this preliminary examination, the court commented that it thought everybody is competent to testify and it was up to the jury to determine believability. Defendant then interposed an objection that the victim's "testimony" not be allowed to continue unless she could be established as competent. The court forecast that the State would be unable to obtain the witness' testimony "anyway" because of the witness' demonstrated

unresponsiveness.

After discussion regarding the legal requirements, during which defendant acknowledged that the child was "available" presumably within the context of OCGA § 24-3-16, the State continued to examine the victim presumably about her understanding of what was true and what was false and about her ability to relate events when the jury returned. The victim concluded by answering that she would tell the truth and knew what the truth was.

The jury returned and the court permitted the child to be sworn. She testified that her father "blessed me with his privacy." She was also cross-examined and related that another man, "Robert," sometimes stayed where she lived and that she had not told the witnesses to whom she had first given an account of molestation by her father. On re-direct she answered that she knew her father's name, Calvin, and that Robert was not her father. That concluded the State's case-in-chief.

Defendant contends that because there was in fact no determination as to the victim's competence, the case should be remanded for a ruling by the trial court in conformity with *Hunnicutt v. State,* 194 Ga. App. 714 (391 SE2d 790) (1990), and *In the Interest of A. H.,* 192 Ga. App. 692, 693 (385 SE2d 776) (1989).

Although defendant conditionally objected during the preliminary examination of the child victim, no objection was made after the close of that examination or when the child was sworn and permitted to testify before the jury. Defendant lost the right to claim error when he failed to invoke a ruling after the further examination of victim. *Timberlake v. State,* 246 Ga. 488, 495 (3) (271 SE2d 792) (1980); *Augusta Roofing &c. Works v. Clemmons,* 97 Ga. App. 576, 577 (1) (103 SE2d 583) (1958); *Hicks v. State,* 175 Ga. App. 243 (1) (333 SE2d 113) (1985).

2. The trial court charged defendant's request to charge regarding testimony of a child witness. It omitted the clause set out in italics.

"In receiving such evidence, you must exercise caution in weighing the credibility or believability of the child. You should consider her age, whether she is capable of having clear memory of the facts to which she testified or about which she told others, whether her story has been consistent in detail as she told it to others, *whether the story has been suggested to her by others or through circumstances,* and any other matters which you, in your collective experience, believe would bear on the reliability of her statements."

Defendant asserts that the omission deprived him of the defense that other witnesses might have suggested various facts which the child victim allegedly related to witnesses during the course of interviews. Among the cases he cites is *Booker v. State,* 247 Ga. 74 (274

SE2d 334) (1981), which held that the trial court must present defendant's affirmative defense to the jury, even without request.

That same case holds that such defense "need not be specifically charged if the case as a whole is fairly presented to the jury." Id. at 74. Secondly, there is no requirement that a written request be given in the exact language requested. *Mainor v. State*, 259 Ga. 803, 804 (2) (387 SE2d 882) (1990). Applying both principles, there was no harmful error in omitting the requested reference to suggestibility, which was one of a series of examples of circumstances to be considered in deciding credibility. ·

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*Brimberry, Kaplan, Campbell & Donaldson, R. J. Bell, Jr.*, for appellant.

*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney*, for appellee.