A90A1662. HUNNICUTT v. THE STATE.
(402 SE2d 534)

BEASLEY, Judge.

Hunnicutt was convicted of aggravated molestation of his natural child, B. H. OCGA § 16-6-4 (c). He appealed but the case was remanded for a ruling as to the child's competency to testify, as required by the child hearsay statute, OCGA § 24-3-16 (*In the Interest*

*of K. T. B.*, 192 Ga. App. 132 (384 SE2d 231) (1989)). See *Hunnicutt v. State*, 194 Ga. App. 714 (391 SE2d 790) (1990). After a hearing, the trial court ruled B. H. competent to testify. Hunnicutt renews the appeal.

1. In his first enumeration of error, Hunnicutt claims that the trial court erred by determining B. H.'s competency as of the date of the competency hearing. This issue is critical to the determination of admissibility of the hearsay testimony given by Coleman and Hutchings as to statements the child made to them, because prerequisite to this hearsay was, under OCGA § 24-3-16 as it then applied, the availability of the child as a competent witness. See *In the Interest of K. T. B.*, supra. The child was two years and ten months old at the time of the hearsay statements. She was four years and three months old at the time of trial. By the time of the competency hearing, her age was five years and three months.

Defendant first argues that competency should be fixed as of the date of the occurrence. There is no requirement that the trial court determine the child's competency at the time the out-of-court statements were made. *Fields v. State*, 194 Ga. App. 149, 151 (2) (390 SE2d 71) (1990); *Sosebee v. State*, 190 Ga. App. 746, 749 (3) (380 SE2d 464) (1989); *Newberry v. State*, 184 Ga. App. 356, 358 (4) (361 SE2d 499) (1987). The purpose is to explore the child's ability to understand the distinction between truth and non-truth as to fact and to be bound to relate only truth, as a witness. Competency relates to testimony, in the sense governed by OCGA § 24-9-5. If the child is competent to testify, then he or she is deemed "available" at trial in the context of OCGA § 24-3-16. *Hunnicutt*, supra, and cases cited therein. Whether the child spoke the truth when making the out-of-court statements relates to credibility of the out-of-court declaration, not competency of the child to testify as a sworn witness.

Defendant further asserts that because the hearing was held after the trial, the court erred in considering whether the child was competent at that time, a year after the trial, rather than ascertaining the child's trial competency by, for one thing, reviewing the trial transcript.

The determination which the court was obligated to make on remand was whether the child had been "available" at trial, that is, whether she was competent as a witness when the court called her for examination by either party at the conclusion of the trial. See *In the Interest of A. H.*, 192 Ga. App. 692 (385 SE2d 776) (1989), as an example of a similar remand, where competency at time of trial was also the unresolved issue.

At the competency hearing on remand, the trial court in this case, having read pertinent portions of the trial transcript, expressed its belief that there was no practical way to determine the past com-

petency of the child. So it determined, after examining the child (who was then over five years of age), that she was competent as a witness at that time. But that is irrelevant. Her availability at trial was the issue, because if she was not competent to testify and defendant did not for that reason have the opportunity to examine her, as to the accusations she had made, then her hearsay statements were inadmissible, the child hearsay exception did not apply, and her statements to the child care assistant director and the DFACS worker were inadmissible.

There may be circumstances when the trial court can determine prior competency, such as when the trial transcript demonstrates the child's understanding of the obligation to tell the truth. See *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). But, as apparently recognized by the trial court and shown by the trial transcript, this is not one of those cases. Thus a new trial is required, at which the child's availability at the time of *that* trial will be the precursor to the hearsay statements. OCGA §§ 24-3-16 and 24-9-5 as they existed at the time of the alleged offense shall apply, the same as they did at the first trial, calling into play the procedure set out in *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987), and *In the Interest of K. T. B.*, supra. Compare *Bright v. State*, 197 Ga. App. 784 (400 SE2d 18) (1990).

The reversal of the order finding competency requires reversal of the denial of a new trial.

2. Two enumerations of error address the general grounds. In one, Hunnicutt faults the trial court's denial of his motion for a new trial on these grounds. In the other, he asserts that he was entitled to a directed verdict on this basis. The test for examining each on appeal is the same. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

The evidence is viewed in the light most favorable to the verdict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985). At trial, the assistant director of a day care center testified that the two-and-one-half-year-old child victim, B. H., told her that her father, Hunnicutt, had hurt her with his teeth and tongue. When the woman asked B. H. where her father had hurt her, she pointed to her vaginal area. The woman called the Department of Family and Children's Services. A DFACS social services specialist spoke with B. H., who repeated her earlier description of sexual molestation, and when asked, insisted that only her father had done this to her.

Additionally, Hunnicutt's former wife testified that their own daughter told her approximately five years before the trial that Hunnicutt had pinched her vagina and this was a secret she was not to tell anyone. Another witness testified that Hunnicutt had sexual intercourse with and sodomized her when she was 13 years old.

The evidence is sufficient to allow any rational trier of fact to find Hunnicutt guilty beyond a reasonable doubt of aggravated child molestation. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Fields*, supra at 150 (1).

3. Having ruled on these issues, the ones raised by the remaining enumerations of error are rendered moot.

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 13, 1991.

*Denmark Groover, Jr.*, for appellant.

*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.