A92A0404. HEARD v. THE STATE.

(420 SE2d 639)

POPE, Judge.

Defendant Alonzo Lee Heard, Jr. was convicted by a jury of three counts of aggravated assault and one count of armed robbery.

Construed so as to support the verdict, the evidence adduced at trial showed the following: Cynthia Ellison, Vandarel Shackleford and Warren Childs (collectively referred to as the "victims") went to a Mrs. Winner's restaurant on Fulton Industrial Boulevard to eat dinner. While they were at the restaurant, defendant, along with his co-defendants Aaron Shealey and Tonnie Willis, drove into the restaurant parking lot and looked at the victims through the restaurant window. Shackleford testified he saw the defendants park next to his brown Volkswagen Jetta prior to entering the restaurant and look at the "rims" on his car. Shackleford testified that the rims on his car were specially manufactured, expensive rims and he thought defendants might be admiring them. Defendant and the co-defendants entered the restaurant for a brief period and then left. The victims finished eating and left the restaurant with the intention of going to Shackleford's house in Cobb County. Shackleford and Ellison noticed the car behind them was travelling too closely. That car, which contained the defendants, pulled alongside the driver's side of the Jetta. Heard, who was sitting in the front passenger seat, began firing a gun and hit Shackleford twice in the leg. The victims' car ran into a ditch and the victims got out and ran into the woods when they saw that the defendants were turning around to come back to where they had run off the road. Shackleford testified that before he ran into the woods he saw the defendants get out of their car and come up to his car. The Jetta, which had been vandalized and from which parts had been taken, was subsequently recovered from the neighborhood where defendants lived.

Defendant Heard testified he was to meet Shackleford at the Mrs. Winner's for the purpose of "transacting drugs." According to Heard, the transaction was completed, but Shackleford refused to pay. He testified that after they left the restaurant, he and his co-

defendants pulled alongside Shackleford's car and Shackleford pointed a gun at them so he began firing his gun in self-defense. Heard testified the defendants stopped their car after the Jetta ran into the ditch and co-defendant Willis drove the Jetta away. Heard and Shealey then left the scene in the other car. Heard denied that he was involved with taking items from the Jetta.

Co-defendant Willis testified that as he and the other defendants were leaving the Mrs. Winner's parking lot, Shackleford almost caused an accident by turning on his left turn signal and then turning right. He stated that after they exited the parking lot Shackleford again almost caused an accident by signalling one way and then turning the other way. Willis testified they pulled alongside the Jetta and Heard started firing his gun at the car. According to Willis, after the victims abandoned the Jetta, Heard got into the Jetta and drove away and he and Shealey left the scene in the other car. Willis denied they went to the restaurant in order to sell drugs to Shackleford.

Heard, Willis and Shealey were tried together. The jury convicted Heard of all charges, acquitted Willis of all charges, and acquitted Shealey of the aggravated assault charges but found him guilty of armed robbery. Heard appeals his conviction.

1. Heard contends the evidence is insufficient to sustain his conviction for armed robbery. In support of this enumeration defendant argues that the State failed to prove the property was taken "from the person or immediate presence of another" as required by OCGA § 16-8-41 (a). Citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), defendant also argues the State failed to prove that he committed the offense of armed robbery beyond a reasonable doubt.

"It has long been recognized . . . that when perpetrators forcibly cause the victim to be away from the immediate presence of the property at the time it is stolen, the offense of armed robbery can still be committed. [Cits.] Further, the concept of immediate presence is broadly construed if the object taken was under the victim's control or responsibility and the victim is not too distant. [Cits.]" *Morgan v. State*, 195 Ga. App. 732, 734 (1) (394 SE2d 639) (1990). Such was the situation in the case at bar. The evidence shows the victims were not present when the car was stolen because they were forced to flee into the woods after Heard fired shots and wounded Shackleford. Shackleford testified he saw the defendants walk down to his car before he ran away. Furthermore, both Heard and Willis testified that the Jetta was immediately driven away by one of them. Consequently, the evidence was sufficient to show a theft from the immediate presence of the victims, and was sufficient to sustain Heard's conviction for armed robbery. *Maddox v. State*, 174 Ga. App. 728 (1) (330 SE2d 911) (1985).

2. Defendant next urges that the trial court erred in denying his motion for directed verdict as to Count 2 of the indictment, which charged defendant with the aggravated assault of Warren Childs. Specifically defendant points to his testimony that his intended victim was Shackleford and argues no evidence was presented that the offense of aggravated assault was committed against Childs, who did not testify at trial. We find no merit to this enumeration. The transcript shows that Heard fired shots from a moving vehicle at a moving vehicle while all three victims were in the vehicle. Testimony was presented that Childs stated "they're shooting at us," that he directed everyone to jump out of the car and run through the woods, and that he along with the others fled through the woods to escape the defendants. "[P]roof that the victim has been placed in apprehension of immediately receiving a violent injury need not necessarily be solely by reason of the victim's testimony of his mental state but may be inferred from the conduct of the victim such as when he retreats to secure his safety. [Cits.]" *Hurt v. State*, 158 Ga. App. 722, 723 (282 SE2d 192) (1981). The trial court did not err in denying defendant's motion for directed verdict on Count 2 of the indictment.

3. Contrary to defendant's assertions otherwise, the trial court did not err in denying his motion for new trial urged on the basis of the general grounds. Our review of the record and transcript shows that the evidence adduced at trial was sufficient to establish the guilt of defendant Heard of all charges beyond a reasonable doubt.

4. Defendant argues his character was impermissibly placed into issue by testimony from a deputy at the Cobb County Detention Center that the only knowledge he had of the defendants was from where he worked, but that it had been a while since he worked in the "pod" where the defendants were kept. The record shows the response was elicited in response to questioning by defendant and that contrary to defendant's contention on appeal, the testimony was responsive to the question asked. " '(A) party will not be heard to complain of error induced by his own conduct. . . . (Cits.)' [Cit.]" *Littlefield v. State*, 197 Ga. App. 343, 344 (2) (398 SE2d 375) (1990). The record also shows defendant failed to object to the testimony at trial and did not join in the objection urged by counsel for one of his co-defendants. " 'It is well established that appellate courts may not consider objections to evidence not raised at trial. (Cit.) "If several parties are entitled to make an objection, and it is made by any number less than all, it does not inure to the advantage of the party or parties not joining in it." (Cit.) Thus, where a defendant does not expressly adopt the objection of a co-defendant, he thereby waives that objection and may not utilize it to gain review. (Cits.)' [Cit.] In the instant case [Heard] waived any objection by failing to adopt the objection made by [Shealey's] counsel." *Fields v. State*, 194 Ga. App. 149, 150

(2) (390 SE2d 71) (1990). Moreover, " 'evidence that an accused has been confined in jail in connection with the case at issue does not place his character in evidence. (Cits.) This enumeration is without merit.' [Cits.]" *Ferrell v. State*, 198 Ga. App. 270, 272 (3) (401 SE2d 301) (1991).

5. Lastly, defendant contends the prosecutor improperly questioned a witness for the State about the defendant's failure to make a post-arrest statement. The record shows that the witness was called in rebuttal after defendant testified the officer did not give him the opportunity to make a statement following his arrest, and that he did not understand why he was not given this opportunity because his co-defendants were allowed to give their version of events. Consequently, defendant, not the State, first introduced evidence concerning his post-arrest silence and the State was authorized to offer evidence rebutting the defendant's testimony. Moreover, the transcript shows that defendant failed to object to the testimony of the officer and thus has waived his right to complain about this testimony on appeal. *Pryor v. State*, 198 Ga. App. 588 (2) (402 SE2d 338) (1991); *Fields*, 194 Ga. App. at 150 (2). This enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 1, 1992.

*Robert H. Alexander III*, for appellant.

*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.